January Term,
1861.

STATE ex rel. ROE VS. NOGGLE.

STATE ex rel.
  ROE
    v.
  NOGGLE.

A circuit judge will not be compelled by a mandamus to insert in a bill of exceptions, instructions which it is claimed he gave to the jury, when he returns that he has already settled the bill of exceptions truly and correctly according to his knowledge and recollection of the facts, and that he is confident he did not give such instructions to the jury.

For the purpose of settling bills of exceptions, the judge before whom the case is tried is to determine finally what occurred at the trial; and the verdict of a jury cannot be resorted to, to override such determination.

APPLICATION for a Mandamus.

An alternative mandamus was issued requiring *Hon. David Noggle*, judge of the first circuit, to allow and insert in a bill of exceptions, a certain instruction, which, as was alleged, he had given to a jury in an action pending before him, and had refused to insert in the bill of exceptions, or to show cause, &c. The affidavit upon which the writ issued, alleged that after the judge had given his charge to the jury, M. H. Carpenter, Esq., one of the counsel of the plaintiff, reduced to writing the instruction referred to, and handed it to the judge, and requested him to sign and settle the exception, and the judge made some alteration in it and then signed it. The instruction so alleged to have been given is annexed to one of the affidavits. Another of the affidavits states that at the time of settling the bill of exceptions, Judge *Noggle* was informed that M. H. Carpenter, Esq., of Milwaukee, one of the attorneys in the case, had in his possession the instruction and exception so settled by him under his hand upon the trial, and that the judge replied that if they were produced he would not allow them to be inserted in the bill of exceptions. The return made by the judge is stated sufficiently in the opinion of the court.

*Knowlton, Prichard & Jackson*, for relator.

*Geo. B. Ely*, for respondent.

March 12

*By the Court*, PAINE, J. This is a mandamus to compel the judge of the 1st circuit to insert in a bill of exceptions certain instructions, which it is claimed that he gave the jury on the trial of a civil action. The relation avers that the instructions were reduced to writing at the trial by the counsel,

and then signed by the judge, but that he afterwards, on settling the bill of exceptions, refused to insert them.

The judge made return to the alternative writ, setting forth in substance, that the bill of exceptions as settled by him, was settled truly according to the facts as he remembered them; and that he refused to insert these instructions because he is confident that he never gave such instructions to the jury. He avers further that at the time of settling the bill of exceptions, the counsel did not exhibit to him the memorandum which it is claimed he signed on the trial, and that if he ever signed such memorandum, he did so without reading it, and supposing it to have been agreed on by both counsel, which he says was according to his usual practice.

Upon this return the relator moves for a peremptory writ. And the motion is based upon the theory that it was incumbent on the judge to deny absolutely that he gave such instructions, and not sufficient to return that he had settled the bill truly according to his recollection of the facts. It was said that the only issue made by such a return was whether the judge recollected the fact, and not whether it occurred. And it was assumed that an issue of fact can be made in respect to what occurs at the trial of a cause, and the judge before whom it was tried compelled to insert in the bill of exceptions, things which he positively avers are contrary to the truth, provided that a jury finds that they happened. But we are of the opinion that this whole theory is incorrect, and that all that a circuit judge can be compelled to do by a mandamus is to proceed to settle a bill of exceptions, according to his knowledge and recollection of the facts. When he returns that he has done this, that is the end of the matter, so far as compulsion is. concerned. The idea of determining what instructions are given by a judge, by forming an issue to be tried by a jury, seems as unseemly in practice as it would be unsatisfactory in its results. It would be to make juries who were not present at the trial, settle bills of exceptions, frequently upon prejudiced and conflicting testimony, against the judge who presided at the trial, selected by the people for that purpose on account of his supposed ability and integrity, and on whom, for that

very reason the law devolves the duty of settling bills of exceptions. We do not think such a practice would be reasonable, and are satisfied it has no sanction in authority.

This subject is quite fully discussed in *The People vs. Pearson*, 2 Scam., 189. The court there awarded a peremptory writ, because the circuit judge made no return whatever. But while doing so, they use the following language : "Now had the judge offered explanation of a satisfactory character why he could not sign the bill presented, with the excluded portion of the depositions, nothing would have been more certain than that this court would not compel him to sign a bill which he could not in his judgment properly do in the correct and faithful discharge of his duties. Had he made a return to the writ and given this explanation, as in the case referred to in the Supreme Court of the United States, of Judge Conklin, we should have said he had done all that can be required of him. The law makes him, and properly so, the judge of the propriety and accuracy of the act he is called on to solemnly verify the truth of, so that it shall become a part of the record in the cause; and it is not for other parties to determine the truth. He acts under the solemnities of an oath, and the strong presumption (is) that he will faithfully and honestly perform his duties; that he will not violate the obligations imposed on him for their faithful discharge."

The following authorities sustain the same conclusion, and show that the knowledge and recollection of the judge who presides at the trial, must determine finally what occurred there, so far as the settlement of bills of exceptions is concerned. *Ex parte Bradstreet*, 4 Peters, 102 ; *Root vs. King*, 2 Cow., 569 ; *Jamison vs. Reed*, 2 Green (Iowa), 394.

The fact that in this case it is alleged and not denied, that the instructions and exceptions thereto were reduced to writing by counsel at the trial, and signed by the judge, we do not think varies the law. That may be a very good reason, if the judge signed them knowing what they were, why he should insert them in the bill of exceptions. And it could hardly be assumed that any judge would refuse to do so, unless satisfied by the clearest recollection that they were,

after all, incorrect.   But that is a matter that he must de- <span style="float:right">January Term,<br>1861.</span>
termine.   Such a writing made at the trial, is not the settle-
ment of a bill of exceptions, and has no more force than an <span style="float:right">STATE ex rel.<br>STARK</span>
entry in the judge's minutes.   R. S., chap. 132, sec. 16.   It <span style="float:right">v.<br>MCARTHUR.</span>
is designed to aid the memory of the judge, but if he will
take the responsibility of returning that it was not correct,
there is no remedy.   In this case the relator is himself in
default, for not exhibiting the writing to the judge at the
time of settling the bill.   For it might have so refreshed his
memory as to have induced him to admit the instructions,
particularly if it contained interlineations in his own hand
writing, made by him before signing it, as was suggested
upon the argument.   It may be that by such a course an
amendment to the bill may now be obtained.   But we can-
not compel the judge to insert them upon this return.

The motion for a peremptory writ is denied.