The Seymour Woollen Factory Company *v.* Brodhecker, Treasurer.

Filed Feb. 24, 1892.

No. 15,947.

THE SEYMOUR WOOLLEN FACTORY COMPANY *v.* BRODHECKER, TREASURER.

BILL OF EXCEPTIONS.—*Objection.*—*Motion to Strike Out.*—On objection made in the brief of counsel the Supreme Court will refuse to consider a bill of exceptions, or parts of a bill, not properly in the record, and a motion to strike out the bill is unnecessary.

SAME.—*Written Instruments, How Made Part of.*—Written instruments may be brought into a bill of exceptions by reference, but in order to bring them into the bill in that mode the instruments must appear to have been offered in evidence, they must be clearly identified by the judge, and the place for their insertion must be clearly indicated by the words "here insert." The judge can not delegate to the clerk, to the stenographer, or to any one else the authority to put a written instrument into a bill of exceptions.

SAME.—*Attempted Incorporation of Written Instrument by Reference.*—Where a bill of exceptions, by the words "here insert," indicated the place for the insertion of an order of the board of equalization in the auditor's office, and the order was copied into the bill by the clerk after it was signed by the judge, such order did not become part of the record.

From the Jackson Circuit Court.

*O. H. Montgomery*, for appellant.

*B. H. Burrell*, for appellee.

MILLER, J.—This was a proceeding instituted to enjoin the collection of taxes claimed to have been unlawfully assessed on the capital stock of the appellant by the board of equalization of Jackson county.

The error assigned in this court calls in question the action of the court below in overruling the motion for a new trial.

The causes for which a new trial was asked were :

" 1. Because the decision of the court is not sustained by sufficient evidence.

" 2. Because the decision of the court is contrary to law."

The appellee has filed a motion to strike out the bill of exceptions, by which the evidence given on the trial is brought into the record, and has submitted a brief in support of the motion.

Without the evidence in the record no question is presented for our consideration. We, therefore, proceed to determine from the record, as it comes to us, the question presented by the motion.

We find in the bill of exceptions, and following a portion of the evidence, the following statement:

" (Here insert full order of the board of equalization, O. B. 15, page 281)."

Immediately following the entry there appears in the record what purports to be the proceedings of the county board of equalization of Jackson county for the year 1889.

The bill of exceptions, at the conclusion of the evidence, states that " the foregoing was all the evidence given in the cause ; " and the clerk of the court, in his authentication of the transcript, certified that the " foregoing is a full, true and complete copy of all the proceedings, orders, judgment and files in the above cause, as appears of record and on file now in my office, *together with a true copy of the entry on page 281 of Commissioners' Record No. 15, of the commissioners' records of said county.*"

We think it apparent that the evidence was not written out in full and inserted bodily in the bill of exceptions prior to the time the same was signed by the judge and filed in the clerk's office, as required by the uniform rulings of this court. *Collins* v. *Collins,* 100 Ind. 266 ; *Wagoner* v. *Wilson,* 108 Ind. 210 ; *Butler* v. *Roberts,* 118 Ind. 481 ; *Doyal* v. *Landes,* 119 Ind. 479 ; *Fiscus* v. *Turner,* 125 Ind. 46 ; *Stevens* v. *Stevens,* 127 Ind. 560.

We infer that the clerk of the circuit court went to the auditor's office and copied a portion of the records of his office to supply the evidence called for by the words " here insert " in the bill of exceptions.  If such was the case, this portion of the evidence comes to us not only not authenticated by the signature of the judge who tried the case; but wanting the authentication of the officer who was the legal custodian of the record, a portion of which was copied into the transcript.

The appellant insists that the motion to strike out the entire bill should be overruled, but admits that if the motion only went to that portion copied from the record of the board of commissioners, it should be sustained.

The answer to this is that it appears that a portion of the evidence given in the trial is not properly in the bill, and therefore the integrity of the bill is destroyed.  It is not necessary to pass upon the motion to strike out, for we can not examine the evidence in a bill of exceptions unless it contains all the evidence, which this does not do.  We regret our inability to pass upon the questions of law involved in this appeal, which have been argued with signal ability; but, the question of the sufficiency of the record having been brought before us, we are compelled to examine and pass upon it.

In the absence of the evidence, there being no question presented by the record, the judgment is affirmed.

Filed June 16, 1891.

## ON PETITION FOR A REHEARING.

ELLIOTT, C. J.—It has long been the practice of this court, upon objections made in the brief of counsel, to refuse to consider a bill of exceptions, or parts of a bill, not properly in the record or properly framed.  No motion to strike out the bill is necessary.  The court, upon its attention being properly directed to the question in the brief, will decide whether the bill is in the record, and whether it is sufficient.

The settlement of a bill of exceptions is a judicial duty, and hence can not be delegated. *England* v. *Clark*, 4 Scam. 486; *Toledo, etc., Co.* v. *Rogers*, 48 Ind. 427; *Poteet* v. *County Commissioners*, 30 W. Va. 58. When it appears that the bill is duly settled and authenticated it imports absolute verity. *Walls* v. *Anderson, etc.*, 60 Ind. 56; *Beavers* v. *State*, 58 Ind. 530; *Thames, etc., Co.* v. *Beville*, 100 Ind. 309. As the settlement of the bill is a judicial duty that can not be delegated, it results that it must be completed as the law requires before it is signed by the judge. Prior to the enactment of the statute which provides that written instruments may be brought into the bill by reference, the law required that written instruments should be copied into the bill before signing. *Board, etc.*, v. *Embree*, 7 Blackf. 461; *Spears* v. *Clark*, 6 Blackf. 167; *Doe* v. *Makepeace*, 8 Blackf. 575; *Mills* v. *Simmonds*, 10 Ind. 464; *Irwin* v. *Smith*, 72 Ind. 482 (489). Under the present statute such instruments may be brought in by reference, but in order to bring them into the bill in that mode the instruments must appear to have been offered in evidence, they must be clearly identified by the judge, and the place for their insertion must be clearly indicated by the words " here insert." The judge can not delegate to the clerk, to the stenographer, or to any one else the authority to put a written instrument into a bill of exceptions. He may, however, where the instrument has been given in evidence, and is clearly identified, cause its introduction into the bill by a strict compliance with the statute. Where this is done no judicial duty is delegated to the clerk, for all that is required of him is to register the decision of the judge as to what shall go into the bill of exceptions. In this instance the recitals of the bill of exceptions indicate that the judge delegated to the clerk the authority to take from a record in the auditor's office an order and insert it in the bill. This was an improper delegation of duty, inasmuch as it devolved upon the clerk the duty of determining what part of the record should

go into the bill, as well as the duty of determining what was actually in evidence. If the order had been entered of record in another State, or in another county, we think no one would doubt that the judge could not assign to the clerk the duty of bringing it into the record, and the principle must be the same irrespective of the question of the locality of the record. The only rule that can be safely followed is that which requires the instruments actually given in evidence to be identified by the judge, leaving nothing for the clerk to do but file and copy them.

