C. T. HERRING *et al.* v. E. S. WIGGINS, *County Treasurer of Woodward County.*

(Filed July 30, 1898.)

1. INJUNCTION—*Order of—Appeal—Time of Taking.* A party who procures a temporary injunction to issue may appeal from an order of the judge, made in chambers, modifying such temporary injunction, under the provision of section 4463, Statutes of Oklahoma 1893; but the petition in error must be filed in the supreme court within thirty days from the date of such order, and the court or judge has no power to extend or enlarge such time.

2. APPEAL—*Writ of Error—Dismissal.* A writ of error for the purpose of reviewing an order of the district judge, made in chambers, modifying a temporary injunction, will be dismissed where it is filed more tnan thirty days after the making of such order.

3. INJUNCTION—*Order Modifying—Right of Appeal Statutory.* The right to an appeal from an order of the judge modifying a temporary injunction only exists by virtue of statute, and is in derogation of long-established rules of practice, and must be strictly construed.

4. SAME—*Res Adjudicata.* Such an order is merely an interlocutory order, and is not *res adjudicata,* but the whole subject-matter may be retried and reviewed on final hearing of the cause.
    (Syllabus by the Court.)

*Error from the District Court of Woodward County; before Frank Dale, District Judge.*

*Houston & Marum* and *Asp, Shartel & Cottingham,* for plaintiffs in error.

*B. B. Smith,* for defendant in error.

Suit by C. T. Herring and others against E. S. Wiggins, county treasurer. From an order modifying a temporary injunction, plaintiffs bring error. Dismissed.

Opinion of the court by

BURFORD, C. J.: The plaintiffs in error filed their petitition in the district court of Woodward county against the county treasurer, praying that he be enjoined from proceeding to collect certain taxes assessed against them. In the absence of the district judge from that county, the plaintiffs procured from the probate judge a temporary injunction restraining the collection of said taxes. Afterwards the defendant appeared before the district judge at his chambers in Guthrie, and obtained a modification of the temporary injunction granted by the probate judge. To this order the plaintiffs excepted for the purpose of having same reviewed in the supreme court upon the petition in error. The judge at the time of granting the order gave the plaintiffs sixty days in which to' make and serve a case. The order modifying the temporary injunction was made on September 7, 1896. The case was served on November 5, 1896. The petition in error was filed in this court on March 20, 1897. No briefs have been filed for either side.

Section 4463, Statutes of Oklahoma, 1893, provides "that when an order, discharging or modifying an attachment or a temporary injunction, shall be made in

any case, and the party who obtained such attachment or injunction, shall except to such order, for the purpose of having the same reviewed in the supreme court, upon petition in error, the court or judge granting said order shall, upon application of the proper party, fix the time, not exceeding thirty days from the discharge or modification of said attachment or injunction, within which such petition in error shall be filed; and during such time the execution of said order shall be suspended, and until the decision of the case upon the petition in error, if the same shall be filed; and the undertaking given upon the allowance of the attachment shall be and remain in force until the order of discharge shall take effect. If such petition in error shall not be filed within the time limited, the order of discharge shall become operative and be carried into effect; and the certificate of the clerk of the supreme court that such petition is or is not filed, shall be evidence thereof."

In the absence of a statute authorizing an appeal from an order of the judge made in chambers, no such right exists. Such statutes are in contravention of established rules of long standing, and should be strictly construed. This statute authorizes an appeal from an order modifying a temporary injunction, but, in order to be effective or confer jurisdiction, such appeal must be taken within thirty days from the time the order is made. The court or judge has no power to extend the time. The time within which the appeal is to be perfected may, in the discretion of the court or judge making the order, be less than thirty days, and it is questionable whether any appeal lies from such an order unless the time is fixed as provided in the statute by the court or judge. But in no event can an appeal be taken, or writ of error

filed, after the expiration of thirty days from the time of making the order. The purpose of this statute was not only to afford a speedy method for review of such orders, but also to require speedy proceedings if the complaining party desired to be relieved of such an order. Such orders are not a final determination of the rights of the parties, but are only interlocutory, and the entire subject matter is subject to determination on the final trial of the cause. (*Bank v. Barkalow*, 53 Kan. 68, 35 Pac. 796; *Stapleton v. Orr*, 43 Kan. 170, 23 Pac. 109.)

It follows that, as the writ of error in this cause was not filed in this court until long after the statutory time had expired, the appeal must be dismissed. The appeal is dismissed at the costs of plaintiffs in error. .

All of the Justices concurring.