## HILLIS E. HERREN v. JOHN J. MERRILEES.

(Filed July 30, 1898.)

1. APPEAL—*Bill of Exceptions.* A bill of exceptions can be settled and allowed only by the judge, and when it receives his signature it should be complete, and nothing left to be settled by the clerk or any other person.

2. BILL OF EXCEPTIONS—*Certificate of Clerk.* The certificate of the clerk of the district court cannot be made to supply the place of a bill of exceptions taken in accordance with the statute, and, when matter is sought to be brought into the record by such means, it will be disregarded by the supreme court. And the ultimate decision as to what the bill of exceptions should contain rests with the trial judge. The decision of the judge is a judicial act, and cannot be delegated.

3. INJUNCTION.—*Appeal.* The statute, (Code Civ. Proc. Sec. 558) does not provide for an appeal to the supreme court from an order which refuses to modify an injunction.
(Syllabus by the Court.)

*Error from the District Court of Custer County; before J. C. Tarsney, District Judge.*

*McKnight & Hunt* and *W. W. Noffsinger*, for plaintiff in error.

*Bradley & Spilman*, for defendant in error.

Action by John J. Merrilees against Hillis E. Herren. Judgment for plaintiff. Defendant brings error. Dismissed.

This was an injunction, the object of which was to give to Merrilees, the plaintiff below, an order restraining the defendant, Herren, from interfering with his possession of a tract of land pending a contest therefor in the land department. The petition averred that, prior to the time of the matters charged, Merrilees had applied to enter the N. W. ¼ of section 21, township 15 N., range

15 W., I. M., but that by reason of the want of water thereupon he had relinquished the same to the United States government; that on November 8, 1897, he made application for a second entry, selecting for his entry th the S. ½ of the N. W. ¼, and lots 3 and 4, of section 1, township 14 N., range 15 W., I. M., and that on the 14th day of December, 1897, after favorable recommendation by the local United States land office, his application for the second entry was forwarded to the general land office; that before the plaintiff's second entry the land last described had been the subject of a former entry by Charles E. Herren, whose homestead entry was made April 26, 1894, and that the homestead entry of Charles E. Herren was canceled by relinquishment, this plaintiff having on the 9th day of October, 1897, purchased the improvements and the said relinquishment was placed of record in the local United States land office. It was further averred that on January 7, 1898, Hillis E. Herren, who is the brother of Charles E. Herren, filed application at the local United States land office to enter the said land, which was refused for the reason that the land was covered by the application of this plaintiff for second homestead entry. The plaintiff further averred that after making the purchase from Charles E. Herren, and the relinquishment of said Herren having been filed in the local land office, the plaintiff made further additional and valuable improvements. He further averred that, unless the defendant was enjoined and restrained from interfering with the plaintiff's right to the premises, he would suffer great and irreparable injury, and that the defendant was insolvent and totally irresponsible. A temporary injunction was granted at chambers restraining Hillis E. Herren from interfering, with the improve-

ments and possession of Merrilees upon the land covered
by his second entry. A motion was thereupon filed to
dissolve the injunction upon the ground that (1) it was
contrary to law, and (2) that the court had no jurisdiction
of the subject-matter of the action, nor (3) of the parties,
and (4) because the defendant had filed his verified
answer, denying the grounds of the injunction. The
verified answer of Hillis E. Herren was thereupon also
filed, in which he averred that he had on the 15th day
of November, 1897, became a *bona fide* settler in good faith
upon the land in dispute, and was cultivating and im-
proving it, and that he was such a resident and home-
stead claimant at the time the homestead entry of his
brother Charles E. Herren was canceled. Upon the issues
thus made up a second hearing was had upon the motion
to dissolve the injunction. After hearing, the motion to
set aside the injunction was on the 26th day of April,
1898, overruled. To this ruling of the court exceptions
were taken.

Opinion of the court by

McAtee, J. The plaintiff in error brings the case here
by a bill of exceptions. The order signed by the judge of
the district court reads as follows:

"To which said order the defendant excepts, and now,
at the time of making this decision and order, the de-
fendant tenders this, his bill of exceptions, and asks said
judge to sign the same, as containing a true and cor-
rect copy of all the pleadings, papers, and proceedings,
showing the ruling of said judge at chambers, and the
exception of the defendant thereto, and asks said judge to
cause the same to be filed and made a part of the record
in this cause; and thereafter the said judge having been
satisfied that the same contains all the evidence intro-
duced, papers and record at the trial of said cause,
at chambers, at El Reno, O. T., causes the same to be filed

at the time the exception was taken as aforesaid, as a true and correct bill of exceptions, and to be made a part of the record in this cause, at his chambers in El Reno, O. T., this 26th day of April, 1898.

JOHN C. TARSNEY, Judge 2nd Jud. Dist. Ct.

"Attest: J. H. WARREN, Clerk, E. M. HEGLER, Dep. [Seal.]

"Filed in my office this, the 26th day of April, 1896. J. H. Warren, Clerk, by E. M. Hegler, Dep."

It is charged in the brief of the defendant in error that evidence was submitted to the judge upon the hearing of the motion to dissolve the injunction which does not appear in the bill of exceptions as brought here, and that this evidence by affidavits, if it had been brought here, would have been shown to present a clear case for the relief by injunction, and that these affidavits clearly show that Hillis E. Herren induced Merrilees to buy the relinquishment and the improvements upon the claim from Charles E. Herren, his brother, and to pay Charles Herren cash for the same, and that he was thereby estopped from any relief in equity. There is no evidence in the record, by certificate of the district judge or otherwise, that the defendant in error was notified that the bill of exceptions would be presented to the district judge, or that he was present at the signing of the same, or had any opportunity to examine what was offered to the judge for his signature. Questions are thus presented in the bill of exceptions and discussion which it is difficult to treat of, but the difficulty is obviated by the fact that no motion for a new trial appears in the bill of exceptions. The certificate of the judge states that "the same contains all the evidence introduced, papers and record, at the trial of said cause at chambers;" and, inasmuch as the bill of exceptions thus certified does not contain any

motion for a new trial, it is a conclusive finding and statement to this court that no such motion was filed.

There appears, however, annexed to the bill of exceptions, after it was closed by the signature of the judge, and outside of the matter covered by his signature, what purports to be a copy of a motion for a new trial, which purports to have been filed on the 26th of April, 1898, and which is apparently attempted to be made a part of the bill of exceptions by a certificate of the district clerk, which is dated April 27, 1898, the day following the day, (April 26, 1898,) when the judge of the district court signed the bill of exceptions, stating as follows:

"Territory of Oklahoma, County of Custer—ss :

"I, J. H. Warren, clerk of the district court of Custer county, Territory of Oklahoma, hereby certify that the foregoing is a true and correct copy of the petition and answer, the orders of injunction, and the original bill of exceptions, and all proceedings, papers, and records now on file in my office in the case of *John J Merrilees v. H. E. Herren*, in Custer county, and Territory of Oklahoma. Witness my hand and seal this 27th day of April, 1898.

"J. H. WARREN, Clerk,

"By E. M. HEGLER, Dep."

An attempt is here apparently made, upon the day following the signing of the bill of exceptions, to include and incorporate into it a copy of a paper which purports to be a motion for a new trial. But this will not be permitted. If it were, it would be to take the statement of the clerk of the court, after the signing and settling of the bill of exceptions, against the statement of the judge, who settled and signed the same finally the preceding day.

It was said in *Railroad Co. v. Wagner*, 19 Kan. 335, that

"a bill of exceptions can be settled and allowed only by the judge, and when it receives his signature it should be complete, and nothing left to be settled by the agreement, recollection, or judgment of counsel, clerk or other person; and it must carry upon its face the evidence of its own integrity and completeness."

And it was said in the case of *State v. Blohan, Id.* 28, that "the certificate of the clerk of a district court cannot be made to supply the place of a bill of exceptions taken in accordance with the statute; and, when matter is sought to be brought into the record by such means, it will be disregarded by the supreme court."

The decisions of the supreme court of Kansas are uniformly accepted here as governing our interpretation of the Code of Civil Procedure, taken from that state. Other authorities upon the same point are, however, to the same effect, and that the ultimate decision as to what the bill of exceptions should contain rests with the trial judge. (3 Enc. Pl. & Prac. 466; *State v. Noggle,* 13 Wis. 380; *Ex parte Bradstreet,* 4 Pet. 102; *Jamison v. Reid,* 2 G. Greene, 394.)

And that the decision of the judge is a judicial act, and cannot be delegated. (*People v. Anthony,* 129 Ill. 222, 21 N. E. 780; *Factory Co. v. Brodhecker* 130 Ind. 389, 28 N. E. 185, and 30 N. E. 528; *Poteet v. Com'rs,* 30 W. Va. 58, 3 S. E. 97.)

The appeal here, however, if valid, rests upon that portion of the statute (Code Civ. Proc. sec. 558) which provides that: "The supreme court may also reverse, vacate or modify * * an order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction." * * The appeal in this case was not taken from

any such order as is provided for by the statute, but was taken, not from the order of a court which "modifies an injunction," but from an order of a court which refused to modify an injunction, and which permitted the injunction to remain as it had been originally granted. It is the opinion of the court that the statute does not provide for an appeal from an order refusing to modify an injunction, and the appeal will therefore be dismissed.

Tarsney, J., having presided in the court below, not sitting; all the other Justices concurring.