School Dist. No. 8 *et al.* v. Eakin *et al.*

No. 470.   Opinion Filed March 2, 1909.

(100 Pac. 528.)

1.   **APPEAL AND ERROR—Decisions Reviewable—Interlocutory Order at Chambers.** In the absence of a statute authorizing an appeal from an interlocutory order of a judge made at chambers, no such right exists.

2.   **SAME—Refusal to Discharge Injunction.** Where in the absence of the judge of the district court from the county, the county judge grants a temporary injunction which the district judge at chambers refuses to discharge or modify on motion, no appeal lies to the Supreme Court from such action.

(Syllabus by the Court.)

*Error from District Court, Jefferson County; F. M. Bailey, Judge.*

Action by W. A. Eakin and others against School District No. 8 and others to restrain the changing of the site of the school of that district. From an interlocutory order denying a motion to dissolve the injunction granted, defendants bring error, and plaintiffs move to dismiss the petition in error. Motion sustained, and petition dismissed.

*P. T. Hamilton,* for plaintiffs in error.
*C. E. Davis,* for defendants in error.

DUNN, J. The defendants in error, plaintiffs below, brought their action in the district court of Jefferson county, Okla., against the officers of School District No. 8, praying an injunction perpetually enjoining the said officials from removing, altering, or changing the site of the school of that district. The district judge being absent, the petition was presented to the judge of the county court, who granted a temporary injunction in accordance with the prayer. Thereafter counsel for defendants filed in the district court a motion asking that the injunction granted be dissolved. The same was heard at chambers by the judge of the district court

on September 29, 1908, and denied. From this action on the part of the district judge, the school district has sought to appeal to this court.

The defendants in error move to dismiss the petition in error for a number of different grounds, one of which is that the order of the court appealed from is not final nor is it an appealable decision or order. In our judgment this position is well taken. The Supreme Court of the Territory of Oklahoma, in the case of *Herren v. Merrilees,* 7 Okla. 261, 54 Pac. 467, says in the syllabus:

"The statute (Code Civ. Proc. § 558 [Wilson's Rev. & Ann. St. 1903, § 4756]) does not provide for an appeal to the Supreme Court from an order which refuses to modify an injunction."

In the consideration of this case, Justice McAtee, who wrote the decision says:

"The appeal here, however, if valid, rests upon that portion of the statute (Code Civ. Proc. § 558), which provides that: 'The Supreme Court may also reverse, vacate or modify * * * an order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction.' * * * The appeal in this case was not taken from any such order as is provided for by the statute, but was taken, not from the order of a court which modifies an injunction; but from an order of a court which refused to modify an injunction, and which permitted the injunction to remain as it had been originally granted. It is the opinion of the court that the statute does not provide for an appeal from an order refusing to modify an injunction, and the appeal will therefore be dismissed."

The case of *Herring et al. v. Wiggins,* found at 7 Okla. 312, 54 Pac. 483, is one wherein an appeal was taken to the Supreme Court from an order modifying a temporary injunction, and the court said of such orders that they were merely interlocutory, and were not *res judicata,* in that the whole subject-matter could be retried and reviewed on the final hearing of the case; and further in the consideration of the case, Chief Justice Burford said:

"In the absence of a statute authorizing an appeal from an order of the judge made in chambers, no such right exists. Such

statutes are in contravention of established rules of long standing, and should be strictly construed."

So that we see, except for the provision of our Code, an appeal would not regularly be allowable in cases of this character, even where the temporary injunction was modified or dissolved, and that, in the absence of a provision allowing an appeal from an order refusing to modify, alter, or dissolve a temporary injunction, none exists.

The motion of defendants in error is accordingly sustained, and the petition dismissed, at the cost of plaintiffs in error.

All the Justices concur.