## BROWN-BEANE CO. *et al.* v. RUCKER *et al.*

No. 3535.    Opinion Filed January 21, 1913.

(129 Pac. 1.)

1. **APPEAL AND ERROR—Appealable Order—Refusal to Vacate—Injunction.** An order denying a motion to vacate a temporary injunction during the pendency of the suit, is not an appealable order.

2. **SAME—Review—Sufficiency of Record.** Motions presented in the trial court, rulings thereon, and exceptions thereto, are not a part of the record proper, and to be reviewed on appeal must be brought to the attention of the Supreme Court by bill of exceptions or case-made.

(Syllabus by Brewer, C.)

*Error from District Court, Rogers County;*
*T. L. Brown, Judge.*

Action by J. G. Rucker and others against the Brown-Beane Company and another. From an order refusing to vacate a temporary injunction, defendants bring error. Dismissed on rehearing.

*Biddison & Campbell,* for plaintiffs in error.

*John Q. Adams* and *Randolph & Haver,* for defendants in error.

Opinion by BREWER, C.   This case was dismissed by this court in an opinion filed July 18, 1912, on motion of the defendants in error, because said case-made was not served upon the defendants in error within the time fixed by law, or an extension thereof ordered for cause shown, by the court.   A petition for rehearing was filed later, in which it is claimed that the cause ought not to have been dismissed on the ground that the case-made was void for want of legal service, for the reason that the main controversy was that the petition filed in the district court did not state facts sufficient to authorize the granting of a temporary injunction; and that this court can consider that question without a case-made or bill of exceptions, because the purported case-made has also been properly certified by the district clerk, and is therefore a transcript of the record.

We have again examined the record presented and find that the proceedings in this case and the refusal of the court to vacate its temporary injunction were based upon evidence taken upon a motion filed by the plaintiffs in error, as defendants below, to vacate and set aside the preliminary injunction.   The only issue heard by the court was on this motion to vacate the temporary injunction during the pendency of the suit.   The court heard considerable evidence on the motion and refused to grant same and continued the temporary injunction in force.

There are two reasons why this contention of plaintiffs in error cannot be sustained.

First, the order refusing to vacate or modify the temporary injunction during the pendency of the suit was not an appealable order under the authority of *School District No. 8 et al. v. Eakin,* 23 Okla. 321, 100 Pac. 528; following *Herren v. Merrilees,* 7 Okla. 261, 54 Pac. 467; *Herring et al. v. Wiggins,* 7 Okla. 312, 54 Pac. 483.

Second, because motions presented in the trial court, the rulings thereon, and exceptions thereto, are not a part of the record proper, and to be reviewed on appeal must be brought to the attention of the Supreme Court by bill of exceptions or case-made, on the authority of a long line of cases.   *Craig v. Greer, Sheriff,* 33 Okla. 302, 124 Pac. 1096; *Green et al. v. In-*

*corporated Town of Yeager*, 23 Okla. 128, 99 Pac. 906; *Lamb et al. v. Young et al.,* 24 Okla. 614, 104 Pac. 335; *Nelson et al. v. Glenn et al.*, 28 Okla. 575, 115 Pac. 471; *Tribal Development Co. v. White Bros. et al.*, 28 Okla. 525, 114 Pac. 736; *Richardson v. Beidleman*, 33 Okla. 463, 470, 126 Pac. 816, 818.

The appeal was properly dismissed, and the petition for rehearing is denied.

By the Court: It is so ordered.