JONES, *Superintendent of Public Instruction, et al.* v.
FRENCH.

No. 7086.   Opinion Filed April 13, 1915.

(147 Pac. 1195.)

1. **APPEAL AND ERROR—Decisions Appealable—Interlocutory Order.** In the absence of a statute authorizing an appeal from an interlocutory order of a judge made at chambers, no such right exists.

2. **SAME—Injunction.** Section 5236, Rev. Laws 1910, does not authorize an appeal to the Supreme Court from an interlocutory order made at chambers refusing to vacate a temporary injunction.

3. **SAME—Modification of Temporary Injunction.** A temporary injunction restrained different public officials and private individuals from the doing of certain acts. One of the defendants in his official capacity was enjoined from the approval of a certain official bond of another defendant. Under the statute, said defendant was not empowered to approve bonds of the character involved, that duty being imposed upon other defendants who were before the court in their official capacity and who were likewise enjoined. Motion to vacate the temporary injunction was sustained as to said defendant, but as to all the remaining defendants it was overruled. **Held,** that the temporary injunction remaining in full force as to all proper defendants, there was not such a modification thereof, within the meaning of the second subdivision of section 5236, Rev. Laws 1910, as would authorize the other defendants to appeal to the Supreme Court.

(Syllabus by the Court.)

*Error from District Court, Payne County;*
*A. H. Huston, Judge.*

Action by Grace French against W. R. Jones, as Superintendent of Public Instruction of Payne County, and others. From an order overruling defendants' motion to set aside and dissolve a temporary injunction, defendants bring error. Appeal dismissed.

*Freeman E. Miller,* for plaintiffs in error.

Jones, Superintendent of Public Instruction, et al. v. French.

John W. Reece and Robert A. Lowery, for defendant in error.

SHARP, J.  In a suit begun in the district court of Payne county on December 30, 1914, the plaintiff, on the day following, procured a chambers order from the district judge of the Eleventh judicial district, at Guthrie, in Logan county, enjoining the different defendants from doing or performing any acts which would interfere with or prevent the plaintiff assuming on January 1, 1915, the duties of the office of superintendent of public instruction of Payne county.  The order specifically set forth the different acts from the commission of which the several defendants were enjoined and restrained; it being unnecessary to enumerate more fully the provisions of the temporary injunction, except that the defendant E. M. Hamlin, as county clerk of Payne county, was enjoined from approving or attempting to approve the alleged official bond of John R. Hesser, who was asserting the claim of having been appointed county superintendent of public instruction of said county, which bond, it was alleged, was then on file in his office.

On the hearing of the application for the temporary injunction, it was made to appear that on December 30th the defendants G. W. Lewis, W. R. Jones, and E. M. Hamlin were personally served with notice of the time and place at which the application for temporary injunction would be made, and that said defendants were each furnished with a true and correct copy both of the notice and petition; also that on the same day the defendant John R. Hesser, the real party in interest, was informed by telephone of the commencement of the said action and of the time and place at which the application for injunction would be presented to the judge of the district court.  At the hearing had, none of the defendants appeared, either in person or by attorney.  On January 4, 1915, a hearing was had on a motion filed by defendants to set aside and discharge the temporary in-

junction, with the result that said temporary order was set aside and dissolved as to the defendant E. M. Hamlin, county clerk, and, as to the remaining defendants, W. R. Jones, as superintendent of public instruction, G. W. Lewis, F. E. Courtney, and J. T. Newport, as board of county commissioners, and John R. Hesser, it was by the court ordered that said temporary injunction be continued in full force and effect as theretofore allowed, and that the application and motion of said defendants to set aside and dissolve the said temporary injunction be in all things overruled and denied. To the action of the court the defendants excepted, and prayed for an appeal from said interlocutory order to the Supreme Court.

On January 18, 1915, there was filed in this court a motion to dismiss the appeal on the ground that no appeal would lie from the order of the district judge in chambers, denying and refusing to vacate a temporary injunction. This motion was overruled on the 16th day of February following. In doing so we think the court committed error.

Defendants' appeal is not taken from the order granting the temporary injunction, and this regardless of the grounds assigned in the first and fourth paragraphs of the petition in error. No appearance was made by the defendants at the time of the hearing of the application for temporary injunction. No appeal was attempted to be prosecuted from this order, but, instead, it was sought to procure from the district judge an order vacating and setting aside the temporary injunction. Their hope lay not in a review by this court of the action of the judge in granting the order, but in a hearing had on their respective motions to dissolve the temporary injunction and upon verified answer. Having failed to appear and except to the action of the judge in granting the order of December 31, 1914, and make a proper record for an appeal therefrom, the de-

fendants cannot revive the right thus waived by filing a motion to dissolve the temporary injunction. Obviously, from the record of the proceedings had in the lower court, the appeal was taken, not from the order of December 31, 1914, but from the order of January 4, 1915, and, according to the journal entry of judgment, approved by counsel for defendants, in which is found the following:

"To which action and order of the said judge in so overruling and denying the motion and application of said defendants for an order setting aside and dissolving the said temporary injunction heretofore allowed and ordered against them herein the said defendants then and there, and in the presence of said judge, objected and excepted, which exception was allowed, and prayed for an appeal from said order so denying their said motion and application to the Supreme Court of the state of Oklahoma."

By section 5236, Rev. Laws 1910, this court may reverse, vacate, or modify an order that grants, refuses, vacates, or modifies an injunction. This statute has several times been before this court for construction. In *Herren v. Merrilees,* 7 Okla. 261, 54 Pac. 467; *School Dist. No. 8 v. Eakin,* 23 Okla. 321, 100 Pac. 528, and *Brown-Beane Co. v. Rucker et al.,* 36 Okla. 698, 129 Pac. 1, it was held that an appeal would not lie from an order refusing to discharge or modify an injunction. In *Herring et al. v. Wiggins,* 7 Okla. 312, 54 Pac. 483, it was said that, in the absence of a statute authorizing an appeal from an order of a judge made in chambers, no such right exists; that such statutes are in contravention of established rules of long standing, and should be strictly construed. There the appeal was not filed within 30 days, as provided by section 4463 of the statutes of 1893 (section 5266, Rev. Laws 1910), and it was held that an appeal, not having been filed within the time prescribed by statute, should be dismissed.

It may be urged, from the fact that the court vacated the temporary injunction as to the defendant E. M. Hamlin,

county clerk, there was such modification as would authorize an appeal from the interlocutory order. We do not think so. Hamlin, as county clerk, was not only an unnecessary, but an improper, party defendant. The temporary order enjoined him from approving or attempting to approve the official bond of the defendant John R. Hesser, then on file in his office. The same order also enjoined and restrained the board of county commissioners from approving said bond. The county clerk had nothing to do with the approval of Hesser's bond; for, under section 7692, Rev. Laws 1910, it is made the duty of the board of county commissioners to approve the bond of the county superintendent of public instruction. It was doubtless due to the fact that it was found that Hamlin was an unnecessary, if not an improper, party defendant, that the judge, as to him, vacated the temporary injunction, but in the same order continued it in full force and vigor as to the remaining defendants. Hamlin could not, in the first instance, have approved Hesser's bond, for he was without authority of law to do so. As to him the temporary injunction was a useless thing.

The fact that at the hearing on the motion to dissolve and discharge the temporary injunction the former order of the court was vacated as to the defendant Hamlin, b was continued as to all proper parties defendant, did not constitute such order of the court a modification of the injunction within the meaning and contemplation of the statute. Even were there room for doubt as to whether t order of January 4th was, within the meaning of the statute, a modification of the original order, yet it would be a modification in their favor, and not an order that adversely affected them.

For the reasons stated, the appeal is dismissed.

TURNER, HARDY, and BROWN, JJ., concur. KANE, C. J., absent, and not participating.