## SHAFFER et al. v. TYRRELL et al.

No. 7509.    Opinion Filed June 6, 1916.

(158 Pac. 626.)

1. **APPEAL AND ERROR—Decisions Appealable—Interlocutory Order.** In the absence of a statute authorizing an appeal from an interlocutory order of a judge made at chambers, no such right exists.

2. **SAME—Order Appointing Receiver.** An interlocutory order of a district judge, appointing a receiver to take charge of real estate in litigation during the pendency of a suit involving the title and possession thereof, is not an appealable order under section 4986, Rev. Laws 1910.

3. **SAME—Appointment of Receiver—Refusal to Vacate.** Under the statute, an appeal in such case can only be taken by the party aggrieved from an order refusing to vacate the appointment of such receiver.

(Syllabus by the Court.)

*Error from District Court, Creek County;*
*Ernest B. Hughes, Judge.*

Suit by John D. Mitchell against Charles B. Shaffer and another, wherein Bessie Tyrrell, *nee* Offutt, and another were made parties plaintiff by an amended petition. From an interlocutory order, appointing W. A. Wise re-

ceiver of the lands and leasehold estate in controversy to operate the property for oil and gas purposes, defendants bring error. Dismissed.

*Malcolm E. Rosser, William S. Cochran, George S. Ramsay,* and *Edgar A. de Meules,* for plaintiffs in error.

*F. B. Dillard, W. D. Abbott,* and *Martin & Moss,* for defendants in error.

SHARP, J. The present suit was brought April 27, 1915, in the district court of Creek county, by the original plaintiff, John O. Mitchell. The lands involved, the title and right to possession of which is in controversy, are all located in Creek county. An application for a receiver being made, a hearing thereon was had before Hon. Ernest B. Hughes, judge of the Twenty-Second district court judicial district, in chambers, at Okmulgee, Okmulgee county, on June 29, 1915. Upon the hearing for the appointment of a receiver, evidence was introduced both by plaintiffs and defendants, and at the conclusion thereof the court appointed W. A. Wise receiver of the property in controversy, and fixed his bond at $30,000. To the action of the court in appointing a receiver, the defendants excepted, and from said order prosecute error. Subsequent to the submission of the case in this court, the defendants in error filed their separate motions to dismiss the appeal, on the ground that an interlocutory order appointing a receiver pending a trial is not an appealable order, and that hence this court is without jurisdiction to review the order of the trial court.

Orders relating to the appointment of, refusal to appoint, discharge, or refusal to discharge, receivers are generally deemed to be interlocutory, and hence are not appealable, unless the statute authorizes an appeal. Prior to the passage of the act of June 9, 1908, in relation to

receivers (Sess. Laws 1907-08, p. 651; Rev. Laws 1910, section 4986), an order appointing a receiver was not reviewable until after the final disposition of the case. *Hale v. Broe,* 18 Okla. 147, 90 Pac. 5. By the statute an appeal may now be taken without awaiting the final determination of the cause, from an order of the court or a judge thereof refusing to appoint or refusing to vacate the appointment of a receiver. The appeal in the present case is not taken from an order refusing to vacate an order appointing a receiver, but from the order of appointment; in fact, no motion was made asking the judge to vacate the order appointing the receiver. As the right to appeal from an interlocutory order rests upon the statute conferring it, it is not our province to extend that right beyond the plain meaning of the language employed. The Legislature in the exercise of its prerogative deemed it necessary, before an appeal would lie from an order appointing a receiver, that a motion to vacate the appointment first be made, thus making the filing of such a motion a prerequisite to the appeal on the part of those resisting the appointment. We are not concerned with the wisdom of the statute, but with its construction. Evils arising out of it may be remedied by an appeal to the Legislature. *City of Chicago v. Taylor,* 125 U. S. 161, 8 Sup. Ct. 820, 31 Ed. 638.

In *Willard Oil Co. v. Riley et al.,* 29 Okla. 19, 115 Pac. 1103, the appeal was taken from an order refusing to vacate the appointment of a receiver, as disclosed by the record, although the fact that such motion was filed does not appear in the reported case. Also, in *Pyeatt v. Prudential Ins. Co.,* 38 Okla. 15, 131 Pac. 914, Ann. Cas. 1915 C, 894, the appeal was from an order refusing to vacate the appointment of a receiver.

The question involved has not heretofore been before this court, though in *Lamb v. Alexander*, 45 Okla. 573, 146 Pac. 443, it was held that an appeal from an interlocutory order appointing a receiver, or refusing to vacate the appointment of a receiver, must be taken within ten days from the date of the order appealed from, by filing a petition in error in this court within said time limit. Section 5236, Rev. Laws 1910, provides that the Supreme Court may reverse, vacate, or modify any of the orders of the county, superior, or district court, or a judge thereof, as therein provided. The second paragraph referred to reads:

"An order that grants or refuses a continuance; discharges, vacates, or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction; that grants or refuses a new trial; or confirms or refuses to confirm, the report of a referee; or sustains or overrules a demurrer."

Relating to injunctions, it will be observed that the order must be one that "grants, refuses, vacates or modifies an injunction." In *Jones et al. v. French*, 47 Okla. 125, 147 Pac. 1195, an appeal was prosecuted from an order of the district judge, made in chambers, denying and refusing to vacate a temporary injunction, and it was held that the statute did not authorize an appeal to the Supreme Court from an interlocutory order made in chambers refusing to vacate a temporary injunction. There the statute was the converse of the present. The statute authorized an appeal from an order "granting" an injunction, but not one that refused to vacate a temporary injunction. In that case we said:

"By section 5236, Rev. Laws 1910, this court may reverse, vacate, or modify an order that grants, refuses, vacates, or modifies an injunction. This statute has several

times been before this court for construction. In *Herren v. Merrilees,* 7 Okla. 261, 54 Pac. 467, *School Dist. No. 8 v. Eakin,* 23 Okla. 321, 100 Pac. 528, and *Brown-Beane Co. v. Rucker et al.,* 36 Okla. 698, 129 Pac. 1, it was held that an appeal would not lie from an order refusing to discharge or modify an injunction. In *Herring et al. v. Wiggins,* 7 Okla. 312, 54 Pac. 483, it was said that, in the absence of a statute authorizing an appeal from an order of a judge made in chambers, no such right exists; that such statutes were in contravention of established rules of long standing, and should be strictly construed."

The principle involved is the same under both statutes. For the right of appeal we must look to the statute. If there be found no express authority authorizing an appeal, the parties must await a final decision in the trial court.

All the Justices concur except THACKER, J., absent to review the particular order complained of, the motions to dismiss should be, and are, sustained.

All the Justices concur, except THACKER, J., absent and not participating.