## BAKER, Trustee, et al. v. COLE.

No. 11176—Opinion Filed March 2, 1920.

(Syllabus by the Court.)

**Appeal and Error—Appealable Orders—Refusing to Vacate Temporary Injunction.**

An order of the district court or the judge thereof, denying a motion to vacate a temporary injunction during the pendency of the suit, is not an appealable order.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Injunction by Preslie B. Cole against Henry G. Baker, trustee, and Will J. Baker. treasurer of Okmulgee county. From order denying motion to vacate temporary injunction, defendants bring error. Dismissed.

Chas. E. Barrett, for plaintiffs in error.

Merwine & Newhouse, for defendant in error.

JOHNSON, J. This is an appeal from the district court of Okmulgee county. On November 22, 1919, Preslie B. Cole, as plaintiff, commenced this action against Henry G. Baker, trustee, and J. Will Baker, as treasurer of Okmulgee county, Okla., seeking to enjoin the delivery and the taking of a tax deed on property described in the petition, and on said date secured a temporary injunction against the defendants.

On December 19, 1919, the defendants filed their motion to vacate such injunction. On January 7, 1920, a hearing was had upon the defendants' motion to vacate the temporary injunction, such motion was overruled by the court, to which action of the court in overruling the same the defendants duly excepted, and in due time they commenced this proceeding in error to reverse the action of the trial court in overruling said motion to vacate said injunction.

On February 21, 1920, said plaintiff filed his motion to dismiss the appeal upon the ground that this court does not have jurisdiction to entertain this appeal, for the reason that the judgment and order of the court appealed from, being the denial of the motion to set aside the temporary injunction, is not such a final order or judgment that on appeal would lie to this court.

Section 5236, Rev. Laws 1910, in so far as applicable, is as follows:

"The Supreme Court may also reverse, vacate, or modify any of the following orders of the county, superior, or district court, or a judgment thereof: First. Final order. Second. An order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates, or modifes an injunction."

This section of the statute was construed by the Supreme Court of the territory of Oklahoma in the case of Herren v. Merrilees, 7 Okla. 266, 54 Pac. 467, wherein it was said:

"The appeal here, however, if valid, rests upon that portion of the statute (Code Civ. Proc. sec. 558) which provides that: 'The Supreme Court may also reverse, vacate, or modify * * * an order that grants or refuses a continuance; discharges, vacates, or modifies a provisional remedy; or grants, refuses, vacates, or modifies an injunction. * * *' The appeal in this case was not taken from any such order as is provided for by the statute, but was taken, not from the order of a court which 'modifies an injunction,' but from an order of a court which

refused to modify an injunction, and which permitted the injunction to remain as it had been originally granted. It is the opinion of the court that the statute does not provide for an appeal from an order refusing to modify an injunction, and the appeal will therefore be dismissed."

See, also, Phillips v. Keysaw, 7 Okla. 674, 56 Pac. 698. The section of the statute in question is also construed by this court in the case of School District No. 8 v. Eakin, 23 Okla. 321, 100 Pac. 528.

And again, the statute was construed by this court in the case of Brown-Beane Co. v. Rucker, 36 Okla. 698, 129 Pac. 1, to the same effect, citing all the decisions, supra, with approval.

The motion of the plaintiff to dismiss the appeal herein is sustained, and the cause dismissed at the cost of the plaintiffs in error.

All the Justices concur, except HARRISON, J., not participating.