## SLOAN et al. v. KOHLER.

No. 28460.  Feb. 28, 1939.

Rehearing Denied March 28, 1939.

E. B. McMahan, for plaintiffs in error.

Ross Rizley, Vincent Dale, and O. S. Shaw, for defendant in error.

BAYLESS, C. J.  D. C. and J. R. Sloan appeal from a judgment of the dis-

trict court of Cimarron county in favor of Julius Kohler for damages.

Kohler entered upon land belonging to Sloan under a claim of right, and began work with men and teams to repair and restore a drainage and irrigation ditch. Sloan, contending this right had lapsed by nonuse, filed an action to enjoin the work, and procured a restraining order upon giving a bond conditioned:

"* * * That the plaintiff shall pay to the said defendant, or to the party injured, any damages he may sustain, including reasonable attorney's fees, by reason of the issuing of said injunction if it should be decided that the said injunction ought not to have been granted."

It is to be noticed that the term "injunction" is used in the bond, whereas the order was really a restraining order, but both parties treat it in their briefs as an order actually required and given in connection with a restraining order, and as a bond for such. The matter was heard on the return day, and the court's minutes read: "Case No. 1497, R. J. Sloan v. Julius Kohler, temporary injunction denied, excepted to by plaintiff, costs assessed to plaintiff". Later the action was voluntarily dismissed by plaintiffs, and about four years after the hearing on the temporary injunction a journal entry of judgment was filed wherein it was found that the restraining order ought not to have issued and that the Sloans were not entitled to temporary injunctive relief.

Kohler filed the present action to recover damages for the wrongful issuance of the restraining order, and for other damages, but these have been eliminated and only the first cause of action is involved.

The first contention is:

"It is our contention that said bond in connection with the restraining order, not being a statutory bond, is good only as a common-law bond and that said bond covers only items of damage occasioned by the issuance of said restraining order."

Then follows argument relating to whether the items of damages claimed were actually caused by the restraining order. The argument that the bond is one at common law and not statutory makes no difference, since it was conditioned as though it were a statutory bond. While at common law such bonds may have been considered largely contractual and not to be added to by the courts, nothing is added in this case. The items allowed for are satisfactorily proved, except as to attorney's fees, which will be discussed later, and are within its terms. It is true that no pleadings resisting the restraining order were filed, but the party restrained appeared on the day set and resisted, and we think this is sufficient.

The argument is that the restraining order spent its force, and lapsed by its own limitations rather than by an attack by Kohler, and that as a consequence it cannot be said any damage resulted. In this connection it is argued that, since the trial court did deny a temporary injunction, this was a mere interlocutory order, and since the Sloans voluntarily dismissed the action, there was never a determination that the restraining order was wrongfully issued. It is said this is an essential to a cause of action on the bond.

Reliance is placed in Wilson v. Bd., etc., of Tillman County, 64 Okla. 266, 167 P. 754. One sentence out of the syllabus of the opinion, reading: "It must appear from the averments of the petition that it had finally been decided in said suit that the injunction ought not to have been granted", is used as the basis for the argument that this action could not be maintained because it was premature and no wrongful act in procuring the order could be shown. We believe the opinion in that case was misconstrued by the Sloans, and it is possible they are not the first to so misconstrue it; but this was noticed by us and fully explained in Gibson Oil Co. v. Kelley, 169 Okla. 218, 36 P.2d 1111. Considering what we said therein, the journal entry filed in action No. 1497 is sufficient to show both that it was determined that the restraining order was wrongfully issued, and under the general rule a voluntary dismissal following such an order is a sufficient disposal of the merits to permit an action for damages for the wrongful restraining order. 32 C. J. 447 et seq., secs. 772, 773, and 774, and authorities cited. The record shows an order finding the restraining order wrongfully issued, and shows a dismissal. We agree that the journal entry did not purport to terminate the action. It is noticed that the Sloans demurred on this ground, but the act of denying the demurrers is not assigned as error. This issue is raised on the issue of the sufficiency of the evidence, and we think the record sufficiently shows the things said to be necessary.

The Sloans argue that no authority existed for filing the journal entry four years later. No decisions are cited and very little argument is made, and since the veracity of

the journal entry is not expressly attacked, we do not see any merit in this argument.

Complaint is made of the refusal to give certain requested instructions, but upon reading these we are of the opinion they are too general in their terms, and are not correct statements of the law.

Complaint is also made of the giving of certain instructions. The instructions relating to the law applicable, covered in points 1 and 2 of this assignment, are substantially correct. We intend to discuss later one feature of instruction No. 2, with respect to effect of the journal entry as a final disposition of the cause. As we read this instruction, it states that the order is final and conclusive as to the matters raised by the issuance of the restraining order, and by the refusal of a temporary injunction. To that extent the instruction is correct. Instruction No. 3, as to the amount of the attorney's fee, is not correct, but when the amount of the verdict is considered in the light of all of the evidence of damages sustained, we do not believe it resulted in harm to the Sloans. The verdict is moderate, and this is of significance, since the jury found for the plaintiff.

This brings us to the discussion of a point stressed greatly by the Sloans. They complained of the rejection of testimony offered in support of their cross-petition. They contended that plaintiff's right under the easement conveyance had expired, and that he was a trespasser upon their property, and could sustain no damage on account of being restrained from prosecuting his work. They also cross-petitioned for value of their property being taken anew by the re-entry of plaintiff. This may have been induced somewhat by plaintiff's efforts to recover in a second cause of action for damages sustained outside of the conditions of the bond.

The court ruled that the journal entry was conclusive upon the issues involved, and determined in the hearing. The Sloans cite Herring et al. v. Wiggins, 7 Okla. 314, 54 P. 483; School District v. Eakin, 23 Okla. 321, 100 P. 528, and Kuchler v. Weaver, 23 Okla. 420, 100 P. 915, to the effect that orders relating to restraining orders and temporary injunctions are interlocutory only, and do not constitute res judicata upon the merits of the action. This is true. But such orders purporting to dispose of the limited issues presented on such a hearing are final and binding thereon. The issues relate to the matter of temporary restraint: that is the maintenance of a status quo until the trial on the merits. An order finding that the restraining order ought not to have issued and that a temporary injunction is not proper under the showing is certainly final and conclusive on those points. Of course, a finding that no reason existed to issue a restraining order, and that no reason now exists for issuing a temporary injunction, may not have any effect upon the determination finally of whether plaintiff is entitled to the relief asked on the merits. The court was clearly correct in refusing to permit the Sloans to show that the court erred in the other case in finding that no reason existed to restrain plaintiff during the pendency of the action. It might have been determined finally that plaintiff had no right upon the property, but the dismissal of the action by the Sloans prevented this. But we do not think that it could have been decided later that some temporary restraint ought to have been granted pendente lite, and that the former order was wrong.

The trial court seemed to have been of the opinion that the pleadings presented so many issues for trial as to create confusion, and, in pursuance of repeated statements of his desire to limit the issue to the matter of the bond and defenses against liability thereon, the plaintiff dismissed the second cause of action. The court repeatedly stated that the so-called extraneous issues could be properly tried in a separate, independent action, and gave every evidence of an intention to eliminate those issues from this action without prejudice to their trial in some other action. The rejection of the evidence was not error.

We call attention to the apparent irreconcilable inconsistencies in the positions of the Sloans. They said, on the one hand, that plaintiff was a trespasser, wrongfully upon the property, and, on the other hand, that being upon the property they acquiesced therein upon the payment of compensation therefor, which they sought therein. See Gooldy v. J. B. Klein Iron & Fdry. Co., 170 Okla. 466, 40 P.2d 1070.

The judgment is affirmed.

OSBORN, GIBSON, HURST, and DAVISON, JJ., concur.