Easley v. Gibbs.

Reversed.

*Todhunter & Williamson* for the appellant.

*P. Gad Bryan* for the appellee.

---

## EASLEY v. GIBBS *et al.*

1. **Garnishment;** ASSIGNMENT OF DEBT: INTERVENTION: EVIDENCE. The *bona fide* assignment to a third party of a debt by the defendant in an attachment proceeding, is not affected by garnishment of the debtor after the date of such assignment ; and the assignee may intervene in the garnishment proceeding for the purpose of asserting his right as against the plaintiff in the attachment

2. —— In a proceeding of this character, the answer of the garnishee in the garnishment proceeding, or to the petition of intervention, cannot properly be considered as evidence against the assignee who thus intervenes.

*Appeal from Page Circuit Court.*

THURSDAY, JULY 21.

ON the 8th day of May, 1869, plaintiff commenced his action by attachment against C. C. Humphrey upon a promissory note. On the following day the attachment was levied upon certain real estate, and on the 28th day

of the same month Gibbs was served with garnishment process, and afterward answered thereto. In his answer he states that he purchased " a piece of property," without describing it, of C. C. Humphrey ; that he gave his note for a part of the purchase money, paid part in cash, and, for the balance, $290, no note or security was taken.

He states that he agreed to pay the last named amount to plaintiff, if time should be given him, but plaintiff refused to extend the time. The answer further states that Humphrey admitted to plaintiff's agent, in presence of the garnishee, that the debt from him to plaintiff was for a part of the purchase money of the property, and that Humphrey agreed that the incumbrance should be removed.

P. D. Humphrey filed his petition as an intervenor, alleging that, on the 25th day of May, 1869, C. C. Humphrey, for a sufficient consideration, transferred and assigned to him by writing the said indebtedness of Gibbs for $290, which was not secured by note. The petition sufficiently sets up the assignment, and a copy thereof is made an exhibit. The plaintiff and garnishee answer this petition of the intervenor, setting up substantially the facts averred in the garnishee's answer, and the further fact that it was agreed and understood between plaintiff, the garnishee and C. C. Humphrey, at the time the debt was contracted, that it should be paid to plaintiff in discharge of the lien which he held upon the property of the purchase money thereof—he having sold it to C. C. Humphrey.

It is also averred, that the property was attached before the sale of it to the garnishee. Other matters of defense to the intervenor's claim are sufficiently set out. Upon these pleadings, all of which were verified by the oaths of the parties, the cause was submitted for trial to the court without a jury. Upon a special finding of facts judgment was rendered for the plaintiff against the garnishee,

and the intervenor's interest in the claim against the garnishee is declared to be subordinate to that of plaintiff. The intervenor appeals.

*Hepburn & Morseman* for the appellant.

No appearance for the appellee.

BECK, J.—The ground of error assigned relates to the findings of facts and law by the court. The evidence introduced by the intervenor tended to prove the assignment of the claim upon Easley, in good faith and for a sufficient consideration, by the judgment debtor, at the time and in the manner set out in his petition. The only evidence introduced by the other parties was the original papers in the attachment suit, including the garnishee's answer, and the testimony of the sheriff as to the time and manner of serving the attachment, which it is not important to repeat here, as it is not relevant to the issue involved. Upon this evidence the court found against the intervenor.

The issue between the parties involves the determination of the rights of the respective claimants to the debt against the garnishee—plaintiff claiming it upon his judgment under the garnishee proceedings, and the intervenor under the prior assignment. Without making any question as to which party should have the affirmative of the issue, it is plain that evidence of the same character is required therein as in other cases. The intervenor having established, or having introduced evidence tending to establish the assignment of the debt to him before the service of the garnishee process, was clearly entitled to judgment, unless, upon proper evidence, other facts were shown which would defeat his claim. This the evidence introduced by plaintiff entirely failed to do. It consisted only of the papers in the attachment suit and

Easley v. Gibbs.

garnishment proceeding, and the garnishee's answer. The evidence of the sheriff, as has been stated, was not relevant to the issue, and was unimportant. The court seems to have taken the garnishee's answer to the attachment proceeding as competent evidence, and considered the facts therein stated—even the admissions and statements of the judgment debtor—as proved. This is clearly error. The issue is between the plaintiff and intervenor. No rule of evidence will admit the garnishee's answer, which, at most, amounts to no more than an *ex parte* affidavit upon such an issue. We presume that the court also considered the answer of the garnishee to the intervenor's petition as evidence. This is equally erroneous for the same reason. The petition of the intervenor sets out sufficient grounds of claim to the debt in controversy. Proper evidence, tending to support this claim, was introduced. The answers of plaintiff and garnishee to the petition of the intervenor aver sufficient defense to the intervenor's claim, but of course they can only be supported by legal and sufficient evidence. As we find that all the material facts found by the court in support of plaintiff's side of the issue are not sustained by legal and sufficient evidence, the judgment is reversed and the cause remanded.

Reversed.