A. W. BRADLEY and Another v. GILBERT G. THORNE.[1]

January 19, 1897.

Nos. 10,390—(240).

**Disclosure of Garnishee—Conclusiveness.**

The "disclosure" of the garnishee is competent evidence in favor of a "claimant," and against the plaintiff, for the purpose of showing what property had been impounded by the garnishee proceedings, and thus identifying it as the same property to which the claimant is asserting a right.

Action in the district court for St. Louis county by A. W. Bradley and another against M. C. Burke and another, as defendants, and Eastern Railway Company of Minnesota, as garnishee. Gilbert G. Thorne as receiver of the Keystone National Bank of West Superior intervened as claimant of the property alleged to be in the hands of the garnishee, and the issues between plaintiffs and the intervenor were tried before Moer, J., who found and ordered judgment in favor of the intervenor. From a judgment in favor of the intervenor plaintiffs appealed. Affirmed.

*N. A. & H. G. Gearhart*, for appellants.

*Schmidt, Reynolds & Mitchell* and *Hughes & Whitford*, for respondent.

MITCHELL, J.[2] The garnishee made its disclosure, by which it admitted its indebtedness to the defendant Burke for railroad ties purchased from him, but stating that it had been notified by Thorne, as receiver, that he claimed a part of the proceeds. Thereupon Thorne appeared, and asserted his right to the money in the hands of the garnishee, by virtue of an alleged assignment executed by Burke, prior to the service of the summons on the garnishee, as col-

[1] Reported in 69 N. W. 909.     [2] Buck, J., absent.

lateral security for a pre-existing debt. On the trial of the issues between the plaintiffs and the claimant, the latter, against the objection and exception of the former, introduced in evidence the disclosure of the garnishee, for the purpose of showing what had been impounded by the garnishee proceedings.

Assuming, without deciding, that the disclosure of a garnishee is no part of the record, and also that it was necessary for the claimant to identify the debt assigned to him as being the same that was impounded by the garnishee proceedings, there can be no doubt that the disclosure was competent evidence for that purpose. The disclosure of a garnishee is the sole basis of any judgment against him, except where the plaintiff files a supplemental complaint in the manner provided by statute.[3] His disclosure in response to the garnishee summons shows what property has been attached, and in that respect is analogous to the return of the sheriff to an ordinary writ of attachment. If any statements of the garnishee in his disclosure had been offered as evidence against the plaintiff for any other purpose,—as, for example, to show that the assignment to the claimant was prior to the service of the garnishee summons,—it would have been clearly inadmissible. That is all that is decided in any of the cases cited by counsel. See Easley v. Gibbs, 29 Iowa, 129; Scott v. Stallsworth, 12 Ala. 25.

There is nothing in the point that the pre-existing indebtedness, without more, was not a sufficient consideration for the assignment by Burke to the bank as collateral security. No case ever so held. Counsel misapprehend the point decided in the cases which they cite. The courts were not considering the question whether a past-due indebtedness was a sufficient consideration to sustain an assignment as collateral security for the debt, but whether, without more, it would, under the law merchant or otherwise, give the assignee greater rights against third parties than his assignor had.

Judgment affirmed.

[3] G. S. 1894, § 5319.