### SHAFORD *v.* DETROIT SAVINGS BANK.

GARNISHMENT—ASSIGNMENT OF SALARY—MORTGAGES—ADDITIONAL SECURITY—CONSIDERATION.

A bank may sustain a claim to a police officer's salary, assigned to it until such time as it should receive the full amount owing it under a past-due real-estate mortgage, as against a garnishing creditor of the assignor, since an assignment of additional security requires no new consideration to render it valid.

Error to Wayne; Donovan, J. Submitted October 12, 1900. Decided December 31, 1900.

Garnishment proceedings by Stephen Shaford against the city of Detroit, as garnishee of Herman W. Gartner. From a judgment for plaintiff, the Detroit Savings Bank, interpleaded as claimant, brings error. Reversed.

*James C. Smith*, for appellant.

*Adam E. Bloom*, for appellee.

LONG, J. Plaintiff obtained judgment against one Herman W. Gartner before a justice of the peace for $15 damages and $2 costs of suit October 27, 1898. This judgment remaining unpaid, on October 20, 1899, garnishment proceedings were commenced against the city of Detroit, it appearing that defendant Gartner was a police officer of the city. The city filed disclosure November 2, 1899, admitting an indebtedness to Gartner of $45.20. It appeared that defendant Gartner was indebted to the Detroit Savings Bank in the sum of $700 on a mortgage which was past due, and that on the 11th day of October, being about nine days prior to the time of issuing the writ of garnishment, Gartner assigned all the moneys then due him from the city, and also all moneys to become due to him by virtue of his employment as a police officer, to defendant the Detroit Savings Bank, until the bank should have received the amount due it. At the time of filing the disclosure by the city, it gave notice under the disclosure that the Detroit Savings Bank claimed the money by virtue of an assignment to it from the principal defendant. On the 20th day of November, 1899, issue was joined in the cause under a claimant's notice, and the justice rendered judgment in favor of plaintiff against the defendant the Detroit Savings Bank. It appeared in the case that the treasurer of the city of Detroit was, on October 11, 1899, given notice in writing that Gartner was indebted to the Detroit Savings Bank under an obligation past due, and had assigned as security, in writing, all the moneys to become due to him from the city of Detroit by reason of his employment as a police officer until the full sum of $700 and interest should be paid. The justice held that there was no consideration for the assignment. The cause was removed from the justice's to the circuit court on writ of *certiorari*, where the judgment was affirmed. The case comes into this court by writ of error.

We think the court was in error in affirming the judgment. The bank had a legal right to take additional security for the money owing it by Gartner. It appears

that the $700 was due upon a real-estate mortgage, but that could not affect the right of the bank to take additional security.

The judgment must be reversed, and a judgment entered here in favor of the defendant bank, with costs of all the courts.

The other Justices concurred.