THE CHICAGO HORSESHOE COMPANY OF INDIANA
*v.* GOSTLIN, RECEIVER, ET AL.

[No. 4,298. Filed February 24, 1903.]

APPEAL.—*Record.—Entry of Final Judgment.*—Where the record does not show an order-book entry of a final judgment, the appeal can not be entertained. *p. 507.*

SAME.—*From an Order Appointing Receiver.—Review.*—If an appeal be taken from an interlocutory order appointing a receiver, it must be taken within ten days as provided by the statute; but, if no appeal be so taken, the action of the court in appointing or refusing to appoint a receiver may be reviewed on appeal from final judgment in the main case. *p. 507.*

SAME.—*Receiver's Final Report.—Review.*—Where the exceptions to a receiver's final report were that each charge made by the receiver

Chicago Horseshoe Co. *v.* Gostlin.

"is unsupported by anything done by said receiver or any person for him," and "that each of said charges is excessive," the action of the court in approving the report, if an appeal will lie at all, can not be reviewed, where it affirmatively appears from the record that all the evidence is not included.  *p. 508.*

APPEAL.—*Appointment of Receiver.*—*Review.*—The appointment of a receiver can not be reviewed on appeal from an order of the court approving the receiver's final report, if at all, where the question was not presented to the trial court by proper exceptions to the receiver's report.  *p. 507.*

From Lake Circuit Court; *J. H. Gillett,* Judge.

William H. Gostlin was appointed receiver of the Chicago Horseshoe Company of Indiana.  From an order of the court approving the receiver's report, the company appeals.  *Affirmed.*

*W. S. Oppenheim, Johannes Kopelke* and *L. D. Thoman,* for appellant.

*C. F. Griffin,* for appellees.

BLACK, P. J.—The transcript, filed in this court December 30, 1901, to which the assignment of errors is annexed, consists of two separate transcripts attached together. The first, marked exhibit A, is a transcript for appeal to the Supreme Court in a suit wherein George H. Lewis, receiver of the Chicago Horseshoe Company of Illinois, was the plaintiff, and the Chicago Horseshoe Company of Indiana was the defendant, the prayer of the complaint therein being for judgment for $5,000 and the appointment of a receiver to take charge of the property and assets of the defendant.  That transcript contains an order of the court appointing William H. Gostlin as receiver, September 24, 1898, but does not show any final judgment in the cause, the appeal being from the order of appointment of the receiver, the clerk's certificate, dated October 1, 1898, showing the transcript to be a copy of papers and entries in a cause then pending in the court below.  We are told by counsel in their briefs that this was the transcript on appeal to the Supreme Court in the case of the *Chicago Horse-*

*shoe Co.* v. *Lewis,* 156 Ind. 232, in which the appeal was from an interlocutory order appointing a receiver of the appellant corporation. The Supreme Court, holding that the record contained nothing but a moot question, dismissed the appeal.

The second transcript above referred to was certified by the clerk, December 28, 1901, to contain copies of all papers and entries in the same cause "lately pending in said court, entered and filed therein subsequent to the 1st day of October, A. D. 1898, as fully as the same now appear of record and on file in" his office. In the same certificate the clerk certified that said papers and entries, together with the papers and entries set forth in the other transcript above mentioned, referred to by the clerk as being "herewith filed and made part of this transcript as exhibit A," constitute full, true, and complete copies of all the entries and papers in said cause. The second transcript shows that, October 2, 1901, the cause was *reinstated* upon the docket, and that the receiver then filed his final report as such; that afterward the defendant filed its exceptions to the receiver's final report; that the report was submitted to the court for hearing, and was by the court approved, and the receiver was thereupon discharged; and the court made certain allowances to the receiver for his services, and to his attorneys and to his employes for their services, and allowed the receiver's costs in the proceeding. The amount of these allowances the defendant was ordered to pay to the clerk of the court below, who was ordered to disburse the same as so allowed. To which order the appellant objected and excepted, and prayed an appeal to the Supreme Court, which was granted.

The appellant has assigned that the court erred: (1) In overruling the appellant's exceptions to the final report of the receiver; (2) in approving the receiver's final report; (3) in making the allowances to the several parties asked for in the receiver's final report, and in requiring the ap-

pellant to pay the same; and (4) in appointing the receiver in the first instance.

Upon careful examination of this peculiar record, we do not find any entry of final judgment in the cause wherein the receiver was appointed, or anything purporting to indicate that such judgment was rendered, except the reference in the clerk's certificate to the cause as one which, at the making of the certificate, had been "lately pending" in the court below. An order-book entry of final judgment is essential to show in the record on appeal the rendition thereof. *Gray* v. *Singer,* 137 Ind. 257.

The statute (§1245 Burns 1901) provides for appeal from an order appointing or refusing to appoint a receiver within ten days thereafter, without awaiting the final determination of the case in which the order had been made. It has been decided that if an appeal be taken from the interlocutory order, as such, it must be taken within the time limited by this statute; but that if no appeal be so taken the action of the court in appointing or refusing to appoint a receiver may be examined and corrected in an appeal from final judgment in the main case. *Buchanan* v. *Berkshire Life Ins. Co.,* 96 Ind. 510; *Hutchinson* v. *First Nat. Bank,* 133 Ind. 271, 287, 36 Am. St. 537. If the case before us were considered as another appeal from the interlocutory order appointing the receiver, of course the appeal would not lie, not having been brought in time. There being nothing before us showing a judicial determination of the main case by the rendition of final judgment therein, the appeal can not be entertained as an appeal in the main case. The appeal appears, then, to be taken from the order of the court approving the receiver's final report, and the order made pursuant thereto, upon the hearing thereof on exceptions taken by the appellant to the report. If an appeal from such an order may properly be entertained, the appellant has not sufficiently presented in the record the

questions argued here. In the bill of exceptions, purporting to contain the evidence on the hearing of the motion, it affirmatively appears that a number of items of evidence, consisting of various written instruments, are not in the bill; the clerk stating in each instance that the instrument was not on file in his office, and could not be found.

It appears that the exceptions to the report were: (1) That each and every one of the charges made therein "is unsupported by anything done by said receiver or any person for him;" and (2) "that each of said charges is excessive." For the determination of such matters an examination of the evidence would be necessary. Treating this appeal, as allowable, as an appeal from an interlocutory order for the payment of money (§658 Burns 1901; *Cook* v. *Citizens Nat. Bank,* 73 Ind. 256), if in such a case the action of the court in appointing the receiver could be questioned, such question was not presented to the court below by the exceptions to the receiver's report, and therefore could not be considered on appeal from the decision approving the report and ordering the doing of what was therein asked.

Judgment affirmed.