## LAMB v. ALEXANDER *et al.*

No. 7037.   Opinion Filed February 9, 1915.

(146 Pac. 443.)

APPEAL AND ERROR—Time for Appeal—Receivership. Under section 4986, Rev. Laws 1910, appeal from an interlocutory order appointing a receiver or refusing to vacate the appointment of a receiver must be taken within 10 days from the date of the order appealed from, by filing a petition in error in this court within said time limit.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County;*

*Wade S. Stanfield, Judge.*

Action between Marvin M. Alexander and another and Frank F. Lamb. On application of the parties first mentioned, a receiver was appointed. Thereafter Lamb's motion to vacate the receivership was overruled, and he brings error. Dismissed.

*Merwine & Newhouse* and *Frank F. Lamb,* for plaintiff in error.

*Cochran & Ellison, Moore & Noble* and *Charles A. Dickson,* for defendants in error.

HARDY, J. On June 18, 1914, upon an application of defendants in error, Marvin M. Alexander and A. D. Adcock, made to the district court of Okmulgee county, a receiver was appointed by the court of certain properties involved in this litigation; and on June 23, 1914, the motion of plaintiff in error to vacate the receivership therein was presented to said court and overruled, and plaintiff in error was allowed 120 days in which to prepare and serve a case-made, and defendants

in error were given 10 days thereafter in which to suggest amendments; the said case-made to be settled upon 5 days' notice. Two extensions of the time in which to prepare and serve a case-made were granted by the court; and on December 2, 1914, the case-made was served upon defendants in error and filed in this court on December 15, 1914. Defendants in error move to dismiss the appeal because the same was not taken within the time fixed by law.

By section 4986, Rev. Laws 1910, it is provided:

"In all cases in the district or superior court, in which a receiver may be appointed, or refused, the party aggrieved, may, within ten days thereafter, appeal from the order of the court, or judge thereof, refusing to appoint the receiver or refusing to vacate the appointment of a receiver, to the Supreme Court, without awaiting the final determination of such case. * * *"

It is urged by the defendants in error that under the provisions of this section the petition in error must be lodged in this court within 10 days from the date of the order complained of. We think this contention must be sustained. There are no decisions in this state construing this statute, but a similar statute has been construed by the Supreme Court of Indiana. In the case of *Chicago Horseshoe Co. v. Gostlin et al.,* 30 Ind. App. 504, 66 N. E. 514, the court held that the appeal must be taken within 10 days, else the action of the court could not be reviewed, because the appeal was not brought in time. The second paragraph of the syllabus is as follows:

"In Burns' Rev. Stat. 1901, sec. 1245, providing for an appeal from an order appointing or refusing to appoint a receiver within 10 days thereafter, an appeal therefrom cannot be taken later, though the order may be reviewed on appeal from the final judgment."

See, also, *Buchanan et al. v. Life Ins. Co.,* 96 Ind. 510.

JANUARY TERM, 1915—VOL. XLV. 575

This appears to us to be the correct view of this matter; and, more than 10 days having elapsed from the date of the order complained of before the petition in error was filed in this court, the petition in error is dismissed.

All the Justices concur.