## GREENING v. MAIRE BROS. CO.

No. 11506—Opinion Filed Aug. 31, 1920.

(Syllabus by the Court.)

### Appeal and Error—Time for Proceedings—Receiverships.

Under section 4986, Revised Laws 1910, appeals from an interlocutory order refusing to appoint a receiver, must be taken within ten (10) days from the date of the order appealed from by filing in this court a petition in error within said time limit.

Error from District Court, Washington County; Preston A. Shinn, Judge.

Application by W. C. Greening against the Maire Brothers Company, a corporation, for appointment of receiver. Application denied, and plaintiff brings error. Dismissed.

Pennel & Harrison, for plaintiff in error.

Montgomery & Montgomery, for defendant in error.

PITCHFORD, J. The plaintiff in error filed an application in the district court of Washington county against the defendant in error, seeking the appointment of a receiver. On the 2nd day of June, 1920, the court rendered judgment denying the application, from which judgment plaintiff appeals.

The defendant files motion in this court to dismiss the appeal, and alleges as a ground for dismissal that the case-made, record, and petition in error were not filed in the Supreme Court within ten days from the making of the order refusing the appointment of a receiver.

Section 4986, Rev. Laws 1910, provides:

"In all cases in the district or superior court, in which a receiver may be appointed, or refused, the party aggrieved, may, within ten days thereafter, appeal from the order of the court, or a judge thereof, refusing to appoint, or refusing to vacate the appointment of a receiver, to the Supreme Court, without waiting the final determination of such cause. * * * "

The petition in error and case-made were filed on the 14th day of June, 1920.

Plaintiff states in his response to the motion that he substantially complied with the statute above quoted in the following particulars: That on the 11th day of June, 1920, and before 6 p. m. of said date, he deposited the petition in error, with the case-made attached thereto, in the United States mail at Pawhuska, Oklahoma, with the proper postage attached, and addressed to William M. Franklin, clerk of the Supreme Court, Oklahoma City, Oklahoma; that by the usual course of the United States mail said petition in error and case-made should have reached Oklahoma City before 8 a. m. on the 10th day for taking said appeal; that this court should take judicial knowledge of the fact that the usual train time between the city of Pawhuska and Oklahoma City is less than seven hours, and if said petition in error and case-made were delayed in the United States mail, or if said papers reached the State Capitol of Oklahoma on the 10th day, but were not filed by the clerk of the said court on said date, then and in that event plaintiff in error is absolved from blame by reason of his having done all within his power to comply with the strict letter of the statute.

The provisions of the statute are positive in requiring an appeal to be taken within ten days; that is, that the petition in error, together with the case-made, must be filed with the clerk of the Supreme Court within ten days. Depositing the papers in the postoffice with postage prepaid does not satisfy the statute.

It is true, however, if the clerk had, as a matter of fact, received the papers on the 10th day and failed to place the filing mark on them on that date, his failure to do so would not defeat the rights of the plaintiff; that is, if the papers were received by the clerk within the time provided by the statute, then it was his duty to file the same on the date received. There is no showing by the respondent that the papers were actually received by the clerk prior to the 14th day of June, and, in the absence of any showing to the contrary, we are to presume the clerk performed his duty in the premises and placed the filing mark on the papers when they were received at his office.

In the case of Lamb v. Alexander et al., 45 Okla. 573, 146 Pac. 443, the court said:

"It is urged by the defendants in error that under the provisions of this section the petition in error must be lodged in this court within ten days from the date of the order complained of. We think this contention must be sustained. There are no decisions in this state construing this statute, but a similar statute has been construed by the Supreme Court of Indiana. In the case of Chicago Horseshoe Co. v. Gostlin et al., 30 Ind. App. 504, 66 N. E. 516, the court held that the appeal must be taken within ten days, else the action of the court could not be reviewed because the appeal was not brought in time."

To the same effect, see Shaffer et al. v. Tyrrell et al., 58 Okla. 15, 158 Pac. 626.

Plaintiff, the respondent, further claims that the appeal should not be dismissed for the reason that he was informed and understood the fact to be that the various departments of the State Capitol building, including the office of the clerk of the Supreme Court, were closed for half holiday on Saturday afternoons during the summer months, including the month of June, and states that if this be a fact of which the court should take judicial knowledge, then and in that event the plaintiff had the entire day of Monday, June 14th, within which to file the petition in error and case-made, and cites section 2937, Rev. Laws 1910, which provides:

"Whenever any act of secular nature other than work of necessity or mercy is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, such act may be performed upon the next business day, with the same effect as if it had been performed upon the day appointed."

Holidays in this state are designated by section 2932, Rev. Laws 1910:

"Holidays. .Holidays are, every Sunday, the first day of January, the twenty-second day of February, the fourth day of July, the twenty-fifth day of December, the thirtieth day of May, every day on which an election is held throughout the state and .every day appointed by the President of the United States or by the Governor of this state, for a public fast, thanksgiving. or holiday."

It will be observed from the foregoing statute that Saturday afternoons are not designated as legal holidays; neither has respondent furnished us with any proclamation issued by the President of the United States or by the Governor of this state, designating Saturday afternoons as public holidays during the summer months for public fasts or thanksgivings.

We have examined the office of the clerk of the Supreme Court and fail to find there any authorities sustaining respondent's contention. The information there obtained is directly against respondent's claim.

Plaintiff, the respondent, not complying with the statute in having the petition in error and case-made filed within the time prescribed by statute, the motion to dismiss is sustained, and the appeal dismissed.

RAINEY, C. J., HARRISON, V. C. J., and JOHNSON, HIGGINS, and BAILEY, JJ., concur.