## SKELLY OIL CO. v. GLOBE OIL CO. et al.

No. 12771—Opinion Filed July 18, 1922.

(Syllabus.)

1. **Appeal and Error—Contents of Record—Evidence on Motion to Discharge Receiver.**

The evidence introduced to support a motion to discharge a receiver is no part of the record. and cannot be considered by this court on an appeal by transcript although copied therein.

2. **Same—Review—Dismissal.**

Upon an appeal from an order refusing to discharge a receiver, the question presented for review is whether the court erred upon the evidence introduced to discharge the receiver. and where a party appeals by transcript from such order and the evidence is not before this court for review. the appeal presents no question reviewable by this court and will be dismissed.

3. **Same—Time for Appeal—Refusal to Discharge Receiver.**

In order to review the action of the district court in refusing to discharge a receiver. the petition in error must be filed in this court within ten days as provided in section 4986. Revised Laws 1910.

4. **Same—Amending Petition in Error.**

When a party seeks the reversal of an order of the court refusing to discharge a receiver, and presents his appeal within ten days by filing a petition in error, and transcript attached thereto. he cannot after the ten days from the rendition of said judgment. amend his petition in error by filing an amended petition in error and attaching thereto a case-made, and confer jurisdiction upon this court to review the question presented in the amended petition in error or case-made.

Error from District Court, Tulsa County: W. B. Williams, Judge.

Action by the Skelly Oil Company against the Globe Oil Company and others. From refusal of court to discharge receiver. plaintiff brings error. Dismissed.

F. E. Riddle, for plaintiff in error.

William F. Tucker and Hulette F. Aby, for defendants in error.

McNEILL, J. This action originated in the district court of Tulsa county by plaintiff in error filing a petition to compel specific performance of the sale of an oil and gas lease and the cross-petition . of defendant in error to foreclose a trust deed to said oil and gas lease, to secure the payment of a debt and the appointment of receiver. Upon notice and hearing the court appointed a receiver: from said order the plaintiff prosecuted an appeal to this court, and the order of the district court appointing a receiver was affirmed by this court in the case of Skelly Oil Co. v. Globe Oil Co.. 82 Okla. 214. 200 Pac. 537.

Thereafter the plaintiff in error filed in the district court of Tulsa county a motion to discharge the receiver and permit plaintiff to retain the property under bond. Upon the hearing of this motion evidence was introduced. and the court on the 17th day of October, 1921. denied said motion. Plaintiff in error appealed from said order of the court and filed its petition in error in this court with transcript attached thereto on October 27. 1921. Thereafter, on November 16. 1921. by permission of this court. the plaintiff in error filed an amended petition in error with case-made attached.

The defendants in error have filed a motion to dismiss the appeal. First, because the petition in error and transcript attached filed October 27. 1921. presents no question which this court has jurisdiction to review. It is first contended that the motion to discharge the receiver and the order denying said motion are no part of the record. and cannot be reviewed by transcript. Second. that the evidence taken upon said motion is no part of the record. and although copied in the transcript is no part of the transcript, and cannot be reviewed by this court. and without the evidence there is no question presented to this court for review. The plaintiff in error. however. contends that the motion to discharge the receiver and the order of the court denying the same are pleadings and part of the record in the case. and can be brought to this court by transcript. It will be unnecessary for us to decide this

question. If we concede, for the purpose of this case, that the motion to discharge a receiver and the order denying the same are pleadings, and part of the record proper, we are in no better position, for there is nothing for this court to review, because the evidence introduced to support the motion is not a part of the record, and although copied in the transcript, is no part thereof and cannot be considered by the court. This court has never held the evidence introduced to support a motion of this kind is any part of the record proper, or that the same can be brought to this court for review by transcript, but has always held to the contrary.

The only question for review is whether the trial court erred in refusing to discharge the receiver and permit the plaintiff in error to operate the property under bond. In order for this court to review the error complained of, it would be necessary for the court to examine the evidence. The evidence being no part of the transcript, although copied therein, the same cannot be reviewed.

Counsel for defendants in error contend the court held as a matter of law that the court was precluded from discharging the receiver by reason of the opinion in the former appeal. It is not a question whether the court erred in its conclusions in denying the motion, but whether under the evidence it committed error in so doing.

This court is not bound by the trial court's opinion as to the effect of the facts found, or its reasoning in reaching its conclusion of law, but will affirm irrespective of erroneous reasoning, where the correct result is reached. Board of Equalization of Oklahoma County v. First State Bank, 77 Okla. 291, 188 Pac. 115; Nance v. Fouts, 68 Oklahoma, 173 Pac. 1038; Kibby v. Binion, 70 Oklahoma, 172 Pac. 1091. Before the plaintiff in error is entitled to a reversal of the order refusing to discharge the receiver, it is necessary that the evidence justifies such an order. If the facts do not justify such an order, it is immaterial the reason the court gave or how erroneous the court's conclusion of law was.

We will consider the force and effect of the amended petition in error with the case-made attached, which was filed November 16, 1921. Section 4986, Rev. Laws 1910, provides that an appeal from the order of the court in refusing to vacate the appointment of receiver must be filed in this court within ten days. This court has held, in order to review the action of the dis-

trict court in refusing to appoint a receiver or refusing to discharge a receiver, the petition in error must be filed in this court within ten days. Lamb v. Alexander, 45 Okla. 573, 146 Pac. 443; Greening v. Maire Bros. Co., 79 Okla. 136, 192 Pac. 202. Did the filing of an amended petition in error with case-made attached, after the ten days allowed for appeal, confer jurisdiction upon this court to review the matter presented in the case-made? This question is fully decided by this court in the case of Creek Realty Co. v. City of Muskogee, 49 Okla. 413, 153 Pac. 180, and cases therein cited. The appeal by transcript presents no question for review to this court, and the amended petition in error with case-made attached, having been filed after the ten days allowed for appeal, conferred no jurisdiction on this court to review the question presented in the case-made.

For the reasons stated, the appeal is dismissed.

JOHNSON, ELTING, KENNAMER, and NICHOLSON, JJ., concur.