## BROOKS et al. v. EDWARDS et al.

No. 15576—Opinion Filed Nov. 18, 1924.

(Syllabus.)

**Appeal and Error—Dismissal—Petition in Error Filed Out of Time.**

When it has been determined that a petition in error was not filed with the clerk of the Supreme Court until after the expiration of the time for bringing the appeal, an order made by this court directing the clerk to file the petition in error and case-made as of a date within the time limit will be vacated and the appeal dismissed.

Error from District Court, McIntosh County: Harve L. Melton, Judge.

Action between Wm. Brooks and another and Tony Edwards and others. From the judgment, the former bring error. Dismissed.

Chas. R. Freeman, for plaintiffs in error.

Turner, Turner, Harley & Parris, for defendants in error.

PER CURIAM. Plaintiffs in error seek to have reviewed the order overruling motion for new trial made January 21, 1924. Petition in error with case-made attached was deposited with the clerk of this court July 23, 1924. On the same day that the record was received in the office of the clerk, this court entered an order directing the clerk to file the petition in error and case-made as of July 18, 1924. This order was based upon a showing that the record was deposited in the United States mail at Checotah, Okla., properly directed to the clerk of the Supreme Court with postage prepaid in the amount the receiving postmaster advised was the proper charge for carrying the matter and received in the post office at the Capitol Station in Oklahoma City July 18, 1924, and on that day tendered to the clerk upon condition that several dollars postage held to be due be paid and that the clerk refused to pay the same notwithstanding there was on deposit in the case costs sufficient to cover the amount held to be due. The delay occasioned by returning the record to Checotah made it impossible for plaintiffs in error to deliver the petition in error and case-made to the clerk until July 23rd, which was six months and two days after the order complained of was made.

Defendants in error have filed a motion to dismiss, contending that the appeal was not filed within the statutory time limit and that this court is without jurisdiction in the case for any purpose. There is a long line of decisions of this court holding that where

more than six months have intervened between the rendition of the judgment or final order sought to be reviewed and the filing of a petition in error in the Supreme Court, this court is without jurisdiction to review the order complained of. Home Savings & Loan Ass'n v. Rounds-Porter Lbr. Co., 80 Okla. 201, 195 Pac. 479. The decisive question then is, When was the petition in error filed? In State National Bank v. Lowenstein, 52 Okla. 259, 155 Pac. 1127, it is held:

"The date of filing papers is that upon which they are deposited with the proper custodian, and not that upon which they are marked 'Filed,' and the filing is the actual delivery to the clerk, without regard to any action that he may take thereon."

But plaintiffs in error contend that acting upon the advice of the postmaster as to the amount of postage required to carry the matter should excuse them for the delay occasioned by his mistake. In Greening v. Maire Bros. Co., 79 Okla. 136, 192 Pac. 202, it is said in dismissing an appeal from an order refusing to appoint a receiver for the reason it was not filed in time that:

"Plaintiff states in his response to the motion that he substantially complied with the statute above quoted in the following particulars: That on the 11th day of June, 1920, and before 6 p. m. of said date, he deposited the petition in error, with the case-made attached thereto, in the United States mail at Pawhuska, Oklahoma, with the proper postage attached, and addressed to William M. Franklin, clerk of the Supreme Court, Oklahoma City. Okla.; that by the usual course of the United States mail said petition in error and case-made should have reached Oklahoma City before 8 a. m. on the 10th day for taking said appeal; that this court should take judicial knowledge of the fact that the usual train time between the city of Pawhuska and Oklahoma City is less than seven hours, and if said petition in error and case-made were delayed in the United States mail, or if said papers reached the State Capitol of Oklahoma on the 10th day, but were not filed by the clerk of the said court on said date, then and in that event plaintiff in error is absolved from blame by reason of his having done all within his power to comply with the strict letter of the statute.

"The provisions of the statute are positive in requiring an appeal to be taken within ten days: that is, that the petition in error, together with the case-made, must be filed with the clerk of the Supreme Court within ten days. Depositing the papers in the post office with postage prepaid does not satisfy the statute."

Plaintiffs in error, the respondents, further claim that the clerk should have appropriat-

ed money from the cost fund in the case to the payment of postage held to be due on the record. The clerk had no way of telling that the mail matter tendered upon condition that additional postage be paid was the record in this case. Furthermore, the money deposited was for costs, and it would be doubtful if the clerk could use the same for any other purpose.

The petition in error was not filed within the six-months limit, and this court is without jurisdiction in the case for any purpose; therefore, the order directing the clerk to file the record as of a date within the time limit is vacated, and the appeal dismissed.