## BRENNER v. TINKER.

No. 20985. Opinion Filed June 24, 1930.

Rehearing Denied Sept. 30, 1930.

Poe, Lundy & Morgan, H. R. Duncan, and L. M. Poe, Jr., for plaintiff in error.

Leahy, Maxey, MacDonald & Holden, for defendant in error.

PER CURIAM. This is an appeal from an order and judgment of the district court

of Osage county in an action wherein plaintiff in error sought the appointment of a receiver in aid of execution to enforce payment of a judgment previously rendered in said cause. The purpose being to empound, in the hands of the receiver, moneys due the judgment debtor, an Osage Indian, from the government through the Interior Department from the proceeds of the sale of mineral interests of the Osage Tribe of Indians and to cause said moneys to be applied to plaintiff in error's judgment. The trial court denied and dismissed the application of the plaintiff in error for the appointment of a receiver on November 19, 1929. Plaintiff in error's appeal therefrom was lodged in this court on December 17, 1929, and the cause is now before the court on the motion of the defendant in error to dismiss the appeal for want of jurisdiction in this court to review the judgment appealed from for the reason the appeal was not perfected within the time allowed by law as set forth in section 525, C. O. S. 1921.

The plaintiff in error has responded to the motion to dismiss the appeal and contends that section 525, supra, applies only to interlocutory orders, and that the proceeding in this cause is in aid of execution under section 742, C. O. S. 1921, and therefore does not come within the terms of said section 525, supra. We find it unnecessary to determine whether or not the order appealed from is an interlocutory order. Section 742, supra, comes within the proceedings in aid of execution and extends the power to the judge to appoint a receiver in the same manner and with like authority as if the appointment were made by the court. The authority of the court to appoint a receiver in proceedings in aid of execution is to be found in the fourth subdivision of section 518, C. O. S. 1921, in chapter 3, art. 19, Code of Civil Procedure. Said section 525 is a part of the same chapter and is a part of Code governing the procedure in cases refusing to appoint a receiver or in refusing to vacate the order appointing a receiver, and provides that:

"In all cases in the district or superior court in which a receiver may be appointed or refused the party aggrieved may within 10 days thereafter appeal from the order of the court or the judge thereof refusing to appoint or refusing to vacate the appointment of the receiver to the Supreme Court without awaiting the final determination of such cause * * *"

—and is applicable to an appeal from an orer refusing to appoint a receiver after judgment and in aid of execution as well as orders made prior to judgment, and to give this court jurisdiction to review the order appealed from, the appeal should have been filed in this court within the 10 days allowed by the provisions of section 525, supra. Oklahoma Savings & Loan Ass'n v. Cotter, 129 Okla. 298, 264 Pac. 884; Greening v. Maire Bros. Co., 79 Okla. 136, 192 Pac. 202; Lamb v. Alexander, 45 Okla. 573, 146 Pac. 443.

The appeal not having been lodged in this court within 10 days after the date of the order appealed from, this court is without jurisdiction to review the same, and the appeal is dismissed.

Note.—See "Appeal and Error," 3 C. J. §1035, p. 1044, n. 36; §1074, p. 1067, n. 28.