### SHERMAN et ux. v. FIDELITY MUTUAL LIFE INS. CO. et al.

No. 25525.   June 19, 1934.

Rehearing Denied Oct. 16, 1934.

Application to File Second Petition for Rehearing Denied Dec. 18, 1934.

Franklin H. Griggs, for plaintiffs in error.

A. K. Little and Kleinschmidt & Johnson, for defendants in error.

PER CURIAM.   This action was commenced on the 26th day of June, 1933, in the district court of Tulsa county, Okla., for the foreclosure of a mortgage. On the 20th day of January, 1934, the Honorable Harry L. S. Halley, district judge, appointed Bob Alert receiver. On the 4th day of April, 1934, the defendants Sherman and wife filed their application to vacate the order appointing receiver, which is as follows:

"Now come the defendants Sherman and move the vacation of the order made and entered herein on the 20th day of January, 1934, in and by the terms of which a receiver was appointed for the premises involved in this action, upon the grounds and for the reasons that the said order was improvidently made and was and is without and beyond the jurisdiction of the court. Their said motion is based and will be submitted upon all of the files and records of the court herein as well as those in cause No. 47834."

On the 24th day of April, 1934, the court entered the following order:

"This matter having duly come on to be heard before the undersigned judge of the above-entitled court this 24th day of April, 1934, on the motion of the defendant C. L. Sherman to vacate the order made and entered herein on the 20th day of January, 1934, in and by the terms of which a receiver was appointed for the premises involved in this action, the plaintiff appearing by its attorneys, Kleinschmidt & Johnson, and the defendant C. L. Sherman in person and by his attorney, Franklin H. Griggs, the receiver being also present in person, now after due consideration of the motion, papers, and the arguments of counsel, the court being fully advised, it is herein and hereby

"Ordered that the said motion to vacate be and it is in all things denied.

"To which act on the part of the court the defendant excepted, his exceptions were allowed and he gave notice in open court of his intention to appeal to the Supreme Court of the state of Oklahoma, which said notice the clerk was ordered and directed to enter upon the probate journals and other records of the court.

"Harry L. S. Halley, District Judge."

The appeal is taken from that order. The defendants in error have filed motion to dismiss the cause, urging that it comes within the rule laid down in Skelly Oil Co. v. Glove Oil Co., 87 Okla. 225, 209 P. 321. That case held as follows:

"Upon an appeal from an order refusing to discharge a receiver, the question presented for review is whether the court erred upon the evidence introduced to discharge the receiver, and where a party appeals by transcript from such order and the evidence is not before this court for

review, the appeal presented no question reviewable by this court and will be dismissed."

The plaintiff in error in the response to the motion to dismiss states that he does not quarrel with the rule laid down in the above-cited cases, but that the case at bar is easily distinguished from them both. That in each of those cases the appeal is by transcript, which brought nothing up to the Supreme Court but the judgment roll, and there was no bill of exceptions. That in the instant case the transcript and record here incorporates a bill of exceptions which the court allowed and directed to be filed as a part of the record below. That this bill of exceptions contains the motion to vacate the appointment of receiver, in which it is announced that the motion was based and would be submitted upon all of the files and records of the court herein as well as those in cause No. 47834. The respondent then continues as follows:

"The record in which is now in this court in the appeal now pending therein here No. 24236, and a reference thereto and such observations as will be contained in the brief for the appellants in error on the present appeal very clearly present the contention that the defendant in error anticipates will be raised that the property involved is the homestead of the plaintiffs in error as well as the evidence in support thereof."

The difficulty with the statement relative to some record in some other case is that it is not before this court by any order or by the plaintiff in error on bill of exceptions. The bill of exceptions is in two parts and is as follows:

"Be it remembered that heretofore on or about the 26th day of June, 1933, the plaintiff herein commenced this action to foreclose a mortgage on lot seven (7) in block one (1) in Ridgewood addition to the city of Tulsa according to the recorded plat thereof, by filing a petition to that end and issuing a summons thereon, to which said petition the defendants Sherman answered on the 26th day of February, 1934, and to this answer the plaintiff replied on the 2nd day of March, 1934, on the 7th day of March, 1934, their codefendants Herbert Barall, Nathan Gens and Gens & Barall Investment Company also answered thereto and to this a reply was filed by the plaintiff on the 10th day of March, 1934, copies of all of which said pleadings here follow:"

And then follows all of the papers introduced in the cause numbered 56618, which is the case at bar, and at the end of the pleadings and proceedings the bill of exceptions continues:

"Upon the tender by the defendants Sherman of the foregoing as their bill of exceptions to the action of the court in the various particulars therein set out it is herein and hereby allowed and the clerk is directed to file it as a part of the record in this case. Harry L. S. Halley, District Judge."

There is nothing in the transcript or the bill of exceptions which brings any of the record or any of the evidence had in any other proceedings before the court into this case. It may have been and in all probability was used at the hearing on the motion to vacate the order of April 24, 1934. The record does not show what evidence was presented. If the claim of the homestead was to be substantiated, that duty was upon the plaintiff in error, and the presumption is the court was justified from the evidence in refusing to vacate the appointment of the receiver unless that evidence is incorporated either in the case-made or bill of exceptions and presented to this court for review. Skelly Oil Co. v. Globe Oil Co. supra; Illinois Life Ins. Co. v. Farris, 107 Okla. 61, 229 P. 1116. The appeal is therefore dismissed.