## CONNECTICUT GENERAL LIFE INSURANCE CO. v. DOBBINS et al.

No. 26199. Sept. 8, 1936.

Rehearing Denied Dec. 8, 1936.

Application for Leave to File Second Petition for Rehearing Denied Jan. 9, 1937.

J. B. Moore, for plaintiff in error.

Ledbetter & Ledbetter, for defendants in error.

PER CURIAM. This cause originated in the district court of Carter county, Okla., wherein the plaintiff in error, Connecticut General Life Insurance Company, was plaintiff, and Mattie Dobbins et al. were defendants. The action is primarily one for the foreclosure of a real estate mortgage. It would seem that the principal defendant, Mattie Dobbins, is the owner of the equity of redemption in the building, and the other defendants, in the main, are tenants occupying some portion of the property. The plaintiff in error asked judgment against the defendant in error in the sum of $31,790.50, together with interest thereon at the rate of 10 per cent. per annum until paid, $3,000 attorney fees, and costs of the action, and asked that said judgment be decreed a lien upon the property described, and that the same be foreclosed. Plaintiff in error also asked for the appointment of a receiver to take charge of the premises, rent the same, and collect the rent and apply the same to the payment of taxes and interest due plaintiff in error. The allegation is also made that the principal defendant, Mattie Dobbins, is insolvent. Thereafter, plaintiff in error gave notice that it would apply to the district court of Carter county, on August 31, 1934, for the appointment of a receiver. The defendant in error Mattie Dobbins filed an extensive answer contesting the receivership application, in which answer, among other things, she pleads that on the 1st day of October, 1932, she made and delivered to the plaintiff in error an assignment of all rents and revenues from said property, for which is asked the appointment of a receiver, copy of said assignment being attached to the answer. She also alleges that out of the rents plaintiff in error agreed that she should receive $40 per month, and agreed to frugally manage the same and pay taxes, and she also alleges that the terms 'and conditions of the assignment were breached. Thereafter, Mattie Dobbins filed an amendment to this answer whereby she challenged the right of plaintiff in error to institute this cause under the provisions of article 9, section 44, of the Constitution of Oklahoma, and under the provisions of section 9738, Okla. Stats. of 1931. No action seems to have been taken by the court with reference to the matters set forth in the amendment to the answer. Thereafter, on the 12th day of September, 1934, after a trial, the court entered what is denominated "Order and Judgment," by the terms of which the

appointment of a receiver is denied and the assignment of rents set up in the answer is canceled. It should be here observed that no hearing on the merits had yet been had at the time of the rendition of the decision against which this appeal is lodged. The main issue of foreclosure of the mortgage and the rendering of judgment on the debt still remains undisposed of. The appeal was lodged in this court on March 1, 1935.

At the very threshold of this case we are met with a motion to dismiss the appeal for the reason that the same was not filed in this court within the time provided by law. The applicable statute is section 780, Okla. Stats. 1931, the material portion of which is as follows:

"In all cases in the district or superior court, in which a receiver may be appointed, or refused, the party aggrieved may, within ten days thereafter, appeal from the order of the court, or a judge thereof, refusing to appoint, or refusing to vacate the appointment of a receiver, to the Supreme Court, without awaiting the final determination of such cause. * * *"

This statute was amended by article 1, chapter 3, Sessions Laws of 1935. House Bill No. 357, approved with emergency on May 8, 1935, changing the time from ten days to 30 days. The old statute undoubtedly applies to this case. However, under either statute, the appeal is fatally out of time for the reason that the same was not lodged in this court until five months and 16 days after the judgment. Greening v. Maire Bros. Co., 79 Okla. 136, 192 P. 202; Oklahoma Savings & Loan Association v. Cotter, 129 Okla. 298, 264 P. 884; Brenner v. Tinker, 145 Okla. 110, 291 P. 553.

At this juncture, it is incumbent upon us to rule on the motion to dismiss the appeal, which goes to the judgment canceling the rent contract. It is contended that that order is not an appealable one and the appeal should be dismissed. We believe that the contention is without merit. The giving of the assignment of rents and the placing of the mortgagee in possession of the property to col'ect the rents is a substantial right. It is as much a security for the debt as is the mortgage sought to be foreclosed. On the question, therefore, of the order striking down the assignment of rent contract, the order affects substantial rights of the plaintiff in error, and is clearly appealable under either or both of sections 528 or 529, Okla. Stats. 1931. To hold otherwise would in effect deny to the party affected by the order the right to appeal altogether, for this reason: If the order is not an appealable one, as is

contended for in the motion to dismiss, then it can only be raised on final judgment of foreclosure. At that time the appeal on the question before us would lose its vitality entirely because in no event could the assignment for rent contract survive the judgment of foreclosure. At that time it would no longer be important whether the court committed error in striking down the collateral security, because in the meantime the defendant in error would have col'ected the rents during the life of the assignment of rent contract.

We come now to the question, Did the court err in canceling the contract assigning rents? From the record it would appear that the assignment of rents in question was made on October 1, 1932. Pursuant to the assignment, the assignee, plaintiff in error herein, took charge of the property and rented the same when tenants were available and continued in this capacity through one John Cooner, its agent, until this foreclosure proceeding was instituted, when the defendant Mattie Dobbins became dissatisfied and notified all tenants to pay no more rent to the agent. Sometime after the foreclosure suit was instituted, and on August 28, 1934, plaintiff in error gave notice, through its attorney, that it would, on August 31, 1934, appeal to the district court of Carter county for the appointment of a receiver to take charge of the real estate involved and collect the rents and profits therefrom. Upon receipt of the notice, the defendant Dobbins filed what is designated "Answer to Petition for Appointment of Receiver," and following the affirmative allegation, charging mismanagement and misapplication of rents collected, prayed that the application for the appointment of a receiver be denied, and that the tenants in the building, who were also defendants in the court below, be required to pay the rentals due and to become due to the codefendant, owner of the equity in said property. Among other things, this assignment of rents contains the following provisions:

"* * * However, and the acceptance of this assignment by said Connecticut General Life Insurance Company shall in no way estop said Connecticut General Life Insurance Company from exercising any and all rights which it may have under the terms of its mortgage on said property."

A considerable amount of testimony was introduced, which, under the view we take of this appeal, it is unnecessary to review at length. At the conclusion of the testimony, the trial court entered of record the following findings of fact and conclusions of law:

"I find in this case that Mr. Cooner, the

agent of the Monarch Investment Company, I find that Mr. Cooner was the agent of the Monarch Investment Company, and was acting through the Monarch Investment Company for the plaintiff in this case. I find that under the assignment offered in evidence whereby the defendant had assigned and authorized the plaintiff in this case to collect the rents from the bui'ding, that Mr. Cooner acted in that capacity and collected the rents. **The assignment did not state what should be done with the rents,** but it was shown they were collected by the plaintiff. That Mr. Cooner had collected the rents, and I find in this case, while it is a matter that will be determined on the final trial, **but I don't find that Mr. Cooner mismanaged the property, but I find that he performed his duties in accordance with the best of his judgment and that he acted for all parties in this respect.** I find that the company, the plaintiff company, in this case, failed to act diligently and within its rights in applying the rents collected. In other words, they were not applied as contemplated by the assignment. I find that they did not pay the taxes on this property although the penalties had been waived. These acts remitting penalties were not introduced in evidence, but the court takes judicial knowledge of them. The Legislature of this state passed an act striking all penalties if the people would pay their taxes. The company failed to take advantage of that, it could have saved to the owner of this property several hundred dollars penalty, but it failed and declined to pay the taxes during any time it had charge of the property. In addition thereto I find that the purpose of the execution of the assignment and this finding of fact is based upon the testimony from Mr. Lightner given a few minutes ago. Mr. Lightner testified that the purpose of giving this assignment was to prevent a lawsuit. **I find that by bringing this foreclosure suit, this lawsuit, that the plaintiff company has destroyed the consideration and that there is a failure of the consideration for the assignment.** It would not be equitable to ask the defendant to stand upon the agreement when plaintiff itself has broken the agreement. The court further, after hearing the evidence in this case, does not find that the defendant has been specifically negligent in the payment of taxes, the interest and the accruals, but that there has been a breach thereof, and a greater negligence since the company has had charge of the property than prior thereto. In view of all of these facts, this court finds that a receiver should be appointed and **that the assignment of rents should be canceled, the reason for canceling the assignment is that the company has, contrary to the agreement, gone into this court and seeks foreclosure, and for that reason they are not entitled to stand upon the agreement."**

From the foregoing it appears that the trial court affirmatively finds for plaintiff in error on practically all of the material issues raised by the pleading, and decides the assignment feature of the case upon grounds not pleaded in the answer and upon grounds apparently not relied upon by defendant in error in the trial; that is to say, the court affirmatively states "the assignment did not state what should be done with the rents, * * *" and states further, "but I do not find that Mr. Cooner mismanaged the property, but I find that he performed his duties in accordance with the best of his judgment and that he acted for all parties in that respect." It is also stated: "I find that by bringing this foreclosure suit, this lawsuit, that the plaintiff company has destroyed the consideration, and that there is a failure of consideration for this assignment agreement"; and again, "The reason for canceling the assignment is that the company has, contrary to its agreement, come into court and seeks foreclosure, and for that reason they are not entitled to stand upon the agreement."

We have carefully examined the record in this case, and we find a total absence of evidence to justify the conclusion reached by the trial court. The assignment in question specifically provides that the acceptance thereof by plaintiff in error shall in no way prevent plaintiff in error from exercising all of the rights accorded it by the terms of its mortgage. In fact, from the entire record it appears that the assignment of rents was merely an added security for the benefit of plaintiff in error and constitutes valuable right. It would seem that during the course of the trial, the court, on its own motion, interrogated the witness Lightner, with the following result:

"By the Court: Now, Mr. Lightner, you testified here that this assignment offered in evidence with reference to these rents, now will you tell me why it was your company took this assignment? A. For protection against unpaid interest, principal on the loan and the delinquent items. By the Court: Was it to prevent foreclosure? A. You might say it was taken to prevent foreclosure, it was a counter proposition. They said 'We will give you possession of the building or give your agent, Mr. Cooner, possession, if you don't foreclose the mortgage.' By the Court: Stand aside."

It would seem that upon the foregoing testimony adduced by the court from this witness, the determinative findings and ultimate judgment were based. The trial court was evidently of the opinion that the answer elicited from the witness tended to show that the assignment of rent contract was given for and in consideration of forbearing from

foreclosing the mortgage. Such a construction is not warranted either by the statement elicited from the witness, or the law applicable thereto. At most, the statement means that the plaintiff in error threatened foreclosure and the defendant in error offered the assignment of rent contract "If you don't foreclose the mortgage." A forbearance agreement, which is not for a fixed definite time, is unenforceable for the very apparent reason that the mortgagee in this case could have agreed not to foreclose at the time the rent contract was given and yet be within its right to foreclose the next day, or the next week, or at any time thereafter that it might choose. If the forbearance agreement can be construed as being for a fixed time, or for a reasonable time, then it would be enforceable to that extent, but certainly no such agreement can be found from the answer given by the witness, or from the other facts and circumstances in the case. Accordingly, at the most the forbearance in this case, if one was intended, was to last for as long as and at the pleasure of the mortgagee. See Williston on Contracts, sec. 136. In any event it is a confusion of terms to denominate the forbearance as a consideration. In no event would it be more than a condition subsequent, but even then the agreement to forbear must be for a fixed time, or for a reasonable time. In this case the very assignment of rent contract, which was executed and delivered to the mortgagee and under which the mortgagee went into possession and collected the rents until the court canceled the instrument, on its face provides, as we have shown by the quotation above, that the taking of the assignment of rent contract shall not be construed as a waiver of any of the rights which the mortgagee already had under the mortgage. The result, therefore, is that the transaction, even though we take into consideration the answer elicited from the witness, amounts to nothing more nor less than the giving and taking of additional collateral security for an antecedent debt. Such a transaction needs no new consideration. A debtor may for any reason, or for no reason at all, give additional security to secure an antecedent debt, and when so given and accepted by the creditor, the collateral security so given is as valid and binding as the original mortgage given to secure the debt at the time of its creation. Shaford v. Detroit Savings Bank, 125 Mich. 431, 84 N. W. 624; Bradley v. Thorne, 67 Minn. 281, 69 N. W. 909; Manufacturers Commercial Co. v. Rochester R. Co., 117 N. Y. S. 989. Aided by this construction, the assignment of rent contract is held by the mortgagee for the same purpose the mortgage is held and is for the same duration.

Upon this assignment of error, we therefore conclude and hold that the court was in error in canceling this assignment of rents.

It is also contended that the assignment of rent contract is in effect void because it is against public policy. To support this contention the defendant in error cites the following authorities: Hart, Rec., v. Bingman, 171 Okla. 429, 43 P. (2d) 447; Jacobs v. Real Estate Mortgage Trust Co., 122 Okla. 1, 249 P. 930; Exchange Trust Co. v. Oklahoma State Bank of Ada, 126 Okla. 193, 259 P. 589; Western & Southern Life Ins. Co. v. Crook, 144 Okla. 105, 289 P. 728.

This contention is likewise without merit. The cases cited support the rule that a provision incorporated in a mortgage at the time the debt is created and before there is any default, which undertakes to assign future rents to the mortgagee in the event of default, is against public policy and void. In this case the assignment of rent contract was not given at the time the debt was created, but was given long after the defendant in error was in default under the mortgage. Furthermore, the same was not an executory agreement to operate in the future, and in the event any future default comes to pass. It was given because of defaults already existing and was actually and instantly executed, and the mortgagee instantly went into possession of the property pursuant to the terms of the assignment of rent contract and collected rents and remained in possession down to the time when the court below canceled it. The mere statement of the distinction in the facts in this case from those existing in the cases cited, is sufficient to demonstrate that the contention is without merit.

In view of the foregoing, the appeal from that part of the judgment of the trial court refusing to appoint a receiver is dismissed.

And that part of the judgment of the trial court canceling the assignment of rents, dated October 1, 1932, made by Mrs. Mattie Dobbins to plaintiff in error, is reversed and the cause upon this feature is remanded to the district court of Carter county, Okla., with instructions that the assignment be reinstated, all without prejudice to the rights of the respective parties hereto, to have adjusted, by accounting or otherwise, whatever differences may exist between them upon the final hearing of said cause, to the

end that plaintiff in error, through its agents, render an accounting of its stewardship while managing the property, and that all due credits be given upon the mortgage indebtedness for any sums realized out of such rents.

The Supreme Court acknowledges the aid of Attorneys O. H. Searcy, Arden E. Ross, and M. H. Silverman in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Searcy and approved by Mr. Ross and Mr. Silverman, this cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.